LEHAN K. TUNKS ET AL., APPELLEES, v. HARLAN O'BRIEN, APPELLANT.
240 N. W. 2d 349

Filed April 7, 1976. No. 40265.

Tye, Worlock, Tye, Jacobsen & Orr and John P. Icenogle, for appellant.

David Jorgensen of Nye, Hervert & Jorgensen, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

Plaintiffs filed an action for forcible detention against the defendant in the county court of Buffalo County. After trial in the county court, judgment was entered for plaintiffs and against defendant. Defendant appealed to the District Court. The bill of exceptions from the county court was filed but was not introduced in evidence. The District Court reviewed the case, considered the bill of exceptions in making his decision, and affirmed the judgment of the county court. Defendant has appealed to this court and there is no properly certified bill of exceptions in accordance with the revised rules of this court, although the county court bill of exceptions is a part of the transcript here.

When a case is tried in the District Court upon the record from a lower tribunal, that record must be certified as the bill of exceptions in accordance with the Revised Rules of the Supreme Court, 1974, before it can be considered on appeal to this court. In the absence

of a proper bill of exceptions, any assignment of error that requires an examination of evidence cannot prevail on appeal. In such a case, the only question presented to this court is the sufficiency of the pleadings to sustain the judgment of the trial court. State v. Jacobsen, 194 Neb. 105, 230 N. W. 2d 219. That case is controlling here.

The judgment is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

The rule expressed in the majority opinion in this case represents the triumph of rules over reality. I see no reason whatever why this court, on its own motion, could not and should not request the District Court to certify the county court bill of exceptions to this court if the bill includes all the evidence the court considered in making its decision and judgment. To insist upon exact compliance with procedural rules, particularly at a time when a new county court system of appeals to the District Court is in its infancy, elevates form over substance. In this case it is clear beyond all reasonable doubt that the bill of exceptions from the county court was considered and acted upon as the evidence in the District Court. Nevertheless, because of oversight, or misunderstanding of the changed appellate procedures, it was not formally received in evidence in the District Court and therefore cannot be certified to this court. To deny appellate review under such facts makes a legal mountain out of a procedural molehill. Justice is a fragile thing and can easily be lost in a sea of rules.