CHRISTOPHER ALLGOOD, BY AND THROUGH HIS FATHER AND NEXT FRIEND, LEE ALLGOOD, APPELLANT, v. NEBRASKA HUMANE SOCIETY, APPELLEE.
248 N. W. 2d 778

Filed January 12, 1977. No. 40766.

Norman Denenberg, for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

This action originated in the Omaha municipal court on plaintiff's petition alleging defendant's negligent failure to capture a cat suspected of having rabies. Defendant answered by general denial. Judgment was entered in favor of plaintiff for $1,500, plus attorney's fees and costs. Defendant appealed to the District Court for Douglas County where a transcript and bill of exceptions were timely filed. Upon trial de novo on the record, under section 24-541, R. R. S. 1943, evidence was received, including the bill of exceptions and municipal ordinances. The District Court found plaintiff failed to prove defendant negligent, reversed the municipal court judgment, and dismissed plaintiff's petition. Plaintiff appeals, asserting error of the District Court in finding the defendant not negligent. We affirm.

The record before us includes in the transcript the bill of exceptions from the municipal court; however, the record here does not include a bill of exceptions as required by the Revised Rules of the Supreme Court, 1974, Rule 7c 1, and section 25-1140, R. R. S. 1943.

In brief, the findings of the District Judge were that on April 16, 1975, at about 6 p.m., a stray cat bit Christopher Allgood age 4 years. His mother, Charlene Allgood, after consulting a doctor, telephoned defendant's office in Omaha that there was a cat in a neighbor's tree that should be captured to avoid the necessity of her son receiving rabies shots. An employee of defendant arrived about 9 p.m. and attempted to capture the cat. He left to obtain some poles, and returned about 1 hour later, again attempting unsuccessfully to capture the cat. A representative of the defendant telephoned the next day about 9 a.m., and Mrs. Allgood advised that the cat was still in the tree. When an employee arrived

at the scene about 11 a.m. the cat was gone and was not later located.

"A bill of exceptions, properly certified, has always been a necessary condition for review by this court of an order of the court below when the errors assigned require an examination of the evidence * * *. The reason for the rule is, and has been, to assure that this court reviews the case upon the evidence actually received and considered in the trial court. * * * When a case is tried in the District Court upon the record from a lower tribunal, that record must be certified as the bill of exceptions in accordance with the rules hereinbefore cited before it can be considered on appeal to this court." State v. Jacobsen, 194 Neb. 105, 230 N. W. 2d 219.

"In the absence of a bill of exceptions, prepared and filed in accordance with applicable statutory provisions and rules of practice, review on appeal is limited to whether the pleadings support the judgment entered by the lower court." Phillippe v. Barbera, 195 Neb. 727, 240 N. W. 2d 50. See, also, Ratay v. Wylie, 147 Neb. 201, 22 N. W. 2d 622.

Having reviewed the record, including the pleadings, we conclude that the same supports the judgment entered by the District Court, and its judgment should be affirmed.

AFFIRMED.