MILDRED SIMON, APPELLANT, V.
ROBERT G. CHRISTIE, APPELLEE.

316 N.W.2d 303

Filed February 19, 1982. No. 43781.

David J. Cullan of Cullan, Cullan & Morrison for appellant.

J. Thomas Rowen of Miller & Rowen, P.C., for appellee.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and BROWER and EMPSON, District Judges.

EMPSON, District Judge.

This is an action for damages resulting from a two-car collision which occurred January 12, 1977. The case was tried to a jury which returned a verdict for the defendant Christie. The plaintiff Simon appeals from the giving of a sudden emergency instruction. We reverse and remand.

On January 12, 1977, at about 10:30 p.m., Simon and Christie approached each other on Highway 31, approximately 2 miles north of Elkhorn, Nebraska. Simon was operating her automobile southbound and Christie was operating his automobile northbound. The

highway was wet and slick and the automobiles collided nearly head on. Simon claimed Christie was negligent in operating his vehicle on the wrong side of the road and in failing to have his vehicle under reasonable control. Christie denied negligence on his part and claimed Simon was contributorily negligent in failing to have her vehicle under reasonable control.

In charging the jury, the trial court gave verbatim the sudden emergency instruction, NJI 3.09.

Christie did not attempt to plead any facts raising "sudden emergency," did not request any such instruction, and does not contend that the pleadings support any emergency as an issue in the case.

Jury instructions should be confined to the issues presented by the pleadings and supported by the evidence. Ordinarily, it is error to submit to the jury an issue which is not pleaded in the case. *Newkirk v. Kovanda*, 184 Neb. 127, 165 N.W.2d 576 (1969); *Barney v. Adcock*, 162 Neb. 179, 75 N.W.2d 683 (1956).

The giving of the sudden emergency instruction in this case permitted the jury to relieve Christie from the standard of conduct ordinarily required of the operator of a motor vehicle upon the public highways, and to decide the case upon an issue not pleaded by any party.

The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.