LEAMER ABSTRACTING COMPANY,
A NEBRASKA CORPORATION, APPELLEE, V.
DONALD L. ROSENGARTNER AND
HELEN J. ROSENGARTNER,
HUSBAND AND WIFE, APPELLANTS.

317 N.W.2d 57

Filed March 5, 1982.   No. 43709.

Duncan A. Young and C. Robert Vote of Young & White for appellants.

Ronald H. Stave of Sodoro, Johnson, Daly, Stave, Cavel & Coffey for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action for breach of the covenants contained in a warranty deed brought by the assignee of the purchaser against the defendant sellers of the real estate. The District Court entered judgment for $5,000 in favor of the plaintiff assignee and against the defendants.

The defendants, Donald L. and Helen J. Rosengartner, at all times involved here were residents of Dallas County, Texas, and owned a tract of land which borders U.S. Highway 77 in Dakota County, Nebraska. In the summer of 1975 Marshall Morse of South Sioux City, Nebraska, offered to buy defendants' land and after long distance negotiations the parties agreed on a purchase price of $30,000. A purchase agreement was prepared in South Sioux City, Nebraska, which contained an extended metes and bounds description identical to the description shown on the then existing abstract of title. The purchase agreement was signed by Morse on September 16, 1975, and by the defendants in Dallas County, Texas, on October 6, 1975.

The abstract of title was delivered to the plaintiff, Leamer Abstracting Company, for extension and certification. On completion of the abstract work by plaintiff, Norris G. Leamer, an attorney in South Sioux City, Nebraska, rendered an opinion on the abstract to Marshall Morse. Leamer, as attorney for the defendants, also prepared a warranty deed which used the same metes and bounds description as shown on the purchase agreement and the abstract. The deed was executed by the defendants in Dallas County, Texas, on January 30, 1976, and thereafter delivered to Morse and the transaction closed. The charges for the

abstracting and for legal services in preparing the warranty deed were billed on the same statement from the Leamer law office and paid by the defendants.

Sometime thereafter, Morse discovered that the State of Nebraska claimed ownership of a strip of land along the highway and that the state had acquired the strip for highway right-of-way in connection with a condemnation action and the defendants had conveyed the strip of land to the state by deed dated September 4, 1973, for a consideration of $680. Upon further investigation it was discovered that the Leamer Abstracting Company had negligently failed to find the September 1973 deed in the records of the county and had negligently certified the abstract without showing that a portion of the property had been acquired by the State of Nebraska. The negligence of the plaintiff abstracting company is undisputed.

Morse went to attorney Leamer and complained that he did not receive all the land his deed called for. After some negotiations attorney Leamer, on behalf of Leamer Abstracting Company which he owned, paid Marshall Morse $5,000 for an assignment to Leamer Abstracting Company, a Nebraska corporation, of all Morse's claims or causes of action against Leamer Abstracting Company by reason of its negligence in failing to show the 1973 deed, and all claims and demands of Morse against the defendants in connection with the purchase of the property and the warranties in the warranty deed.

Thereafter, Leamer Abstracting Company brought this action for breach of warranty against the defendants based upon the assignment from Marshall Morse. The defendants' answer alleged that the negligence of the Leamer Abstracting Company in preparing and certifying the abstract was the primary and active cause of any damages to Marshall Morse, and that as between the defendants and the plaintiff, the plaintiff was responsible for any and all damages to Marshall Morse.

Mrs. Rosengartner testified at trial that the defendants did not know that the legal description on · the deed and the other documents was not correct and that there was nothing which would lead them to believe that the property described was not in fact the property they owned along the highway in South Sioux City, Nebraska. It is clear that the defendants intended to sell only the property they owned and that, except for the negligence of the Leamer Abstracting Company, the description in the deed would have been correct and there would have been no loss to anyone.

The District Court treated the action as though it were an original action for breach of warranty by Morse against the defendants in which the only question was the amount of the loss sustained by the purchaser, and fixed that amount at $5,000, for which judgment was entered against the defendants.

The defendants rely upon Neb. Rev. Stat. § 76-529 (Reissue 1976), which provides in part: "An abstracter shall show each link in the chain of title, and failure to do so shall render him liable to any person injured by such omission."

The record established that the Leamer Abstracting Company and attorney Leamer were agents of the defendants in this transaction and were paid by the defendants. Under such circumstances Leamer Abstracting Company was liable to the defendants for resulting loss to the defendants caused by the negligent act of the abstracting company. The general rule is stated in Restatement (Second) of Agency § 401 (1958): "An agent is subject to liability for loss caused to the principal by any breach of duty." Comment d to that section states: "Unless he has been authorized to act in the manner in which he acts, the agent who subjects his principal to liability because of a negligent or other wrongful act is subject to liability to the principal for the loss which results therefrom." *Id.* at 239-40.

A similar statement of the rule is found in 3 Am.

Jur. 2d *Agency* § 202 (1962): "An agent owes to his principal the use of such skill as may be required to accomplish the object of his employment, and if he omits to exercise reasonable care, diligence, and judgment, as the result of which failure his principal is damaged, he may be held responsible for such damage." The same rule is set out in *Central Nat. Ins. Co. of Omaha v. Devonshire Cov.*, 426 F. Supp. 7 (D. Neb. 1976), *modified* 565 F.2d 490 (8th Cir. 1977). That case also holds that under Nebraska law, a promise of indemnity is not ordinarily construed to permit an indemnitee to recover from his indemnitor for the indemnitee's own negligence unless it clearly and unequivocally appears that such was the parties' intention. See, also, *Dombeck v. Chicago, M., St. P. & P. R. Co.*, 24 Wis. 2d 420, 129 N.W.2d 185 (1964).

In the case at bar the negligence of the plaintiff in extending and certifying the abstract is conceded, and the evidence is uncontradicted that the plaintiff and attorney Leamer were both paid agents of the defendants in connection with this real estate transaction. The plaintiff settled Morse's claim occasioned by plaintiff's own negligence by taking an assignment of the claim which it now seeks to enforce against its principals, the defendants. It is clear that the ultimate liability for the negligence of the plaintiff rests with the plaintiff. It would be a triumph of form over substance to consider only evidence of breach of warranty and disregard the fact that the plaintiff assignee in this case is the negligent party upon whom the ultimate loss must fall. With or without the provisions of § 76-529 the plaintiff is liable to the defendants for the loss occasioned by plaintiff's own negligence. To permit an abstracter agent to avoid liability for its own negligence by taking an assignment of a claim rather than a release would be unconscionable.

The judgment of the District Court is reversed and plaintiff's petition is dismissed.

REVERSED AND DISMISSED.