BLAHA GMC-JEEP, INC., A NEBRASKA CORPORATION, APPELLANT, V. EVERETT FRERICHS, DOING BUSINESS AS A. F. REAL ESTATE, APPELLEE.

317 N.W.2d 894

Filed April 2, 1982. No. 43919.

Dennis L. Arfmann of Robert M. Brenner Law Office, for appellant.

Donald J. Tedesco, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

This is an action brought by the plaintiff, Blaha GMC-Jeep, Inc., in the county court of Cheyenne

County to recover the sum of $1,875.19 from the defendant, Everett Frerichs. This sum represented the face amount of a check which had been issued by Frerichs to pay for repairs allegedly made by Blaha to Frerichs' truck tractor, and on which check Frerichs had issued a "stop payment" order.

Following a judgment in favor of Blaha, Frerichs appealed to the District Court. There the case was tried de novo on the record, with some additional evidence being permitted as provided for by Neb. Rev. Stat. § 24-541 (Reissue 1979). The District Court reversed the judgment of the county court and ordered the petition dismissed. Blaha has appealed to this court, assigning as errors: (1) The transcript and bill of exceptions from the county court not having been offered in evidence in the District Court, the original judgment should have been affirmed because it was supported by the pleadings; (2) Failure of consideration, the defense upon which Frerichs claims he relied, was not specifically pleaded; and (3) There was not a total failure of consideration because the evidence disclosed that there was a benefit or advantage to Frerichs and a loss or detriment to Blaha.

As to appellant Blaha's first assignment of error, a procedural question, the court is left to its own devices. Blaha cites no statutory law and only case law which preceded 1972 Neb. Laws, L.B. 1032, Neb. Rev. Stat. §§ 24-541 et seq. (Reissue 1979), which was applicable at the time of trial. The appellee Frerichs simply chose to ignore the problem in his brief.

Appeals of this nature taken from the county court "shall be de novo on the record," with discretion in the District Court to "receive additional evidence if the court determines that such evidence is reasonably necessary to determine the issues . . . ." § 24-541.

The District Court did, over the objections of

Blaha, permit the introduction of additional evidence. This testimony, which comprised most of the entire 49 pages of the District Court bill of exceptions, was devoted to Frerichs' counterclaim, which is not in issue on this appeal. However, some of the comments made by Blaha's counsel are of some importance in determining what in fact the District Court judge did consider in reviewing the judgment of the county court. Consideration of this question is important because it is apparent from the record that the county court bill of exceptions was never offered or received in evidence.

In support of his objection to the reception of additional evidence, counsel for the plaintiff stated in part that "there is no new evidence reasonably necessary to determine the issues to make findings of fact or to permit the Court to render judgment in the proceeding on the appeal from the County Court." He goes on to state: "I believe the testimony and I have got it, several pages in the bill of exceptions, I have my copy with me, on at least — on pages 73, I believe there was nothing wrong with the transmission and at page 90 of the bill of exceptions . . . ." Because his reference to pages 73 and 90 went beyond the number of pages in the bill of exceptions from the District Court, he could only have been referring to the one filed from county court.

On the date of trial in District Court, June 28, 1980, the judge stated: "Pursuant to statute the appeal here this morning will be heard denovo on the record with the addition that Mr. Frerichs through counsel has requested permission to adduce additional evidence on the appeal . . . . I have glanced through the bill of exceptions, I do not believe there is a necessity for opening statements . . . ." During the course of the trial on appeal, the following exchange occurred: "Q. [By Mr. Tedesco] Now, Mr. Evans, you have given testimony in this case before, haven't you? A. Yes. Q. And I am not going to go

through that entire amount but I believe it was your testimony at the earlier hearing that assuming that a truck had been revved up in excess of 2,000 rpm's that the popping of the clutch would result in some sort of damage to the truck, is that correct? Mr. Brenner: To which, Your Honor, I would object as to not stating the facts contained in the record and not fairly reflecting the evidence or the statements in the record. The Court: I will ask you, Mr. Tedesco, is there anywhere in the record that the truck was revved up to that specific amount of rpm's? Mr. Tedesco: I believe so, Your Honor, I would have to look at it, though. The Court: It is your contention that that is incorrect? Mr. Brenner: That is correct, Your Honor. Mr. Tedesco: Can I offer the bill of exceptions, if that is permissible? The Court: I think you need not, you can simply refresh the Court's recollection of what is in the record, the same as if I read it."

The rules applicable to this situation would seem to be direct and unambiguous. On appeal from the county court to the District Court, it is the duty of the appellant to see that a record of the evidence in the county court was properly presented in the District Court. *Riggert v. King,* 192 Neb. 607, 223 N.W.2d 155 (1974). In the absence of a properly certified bill of exceptions, review on appeal is limited to whether the pleadings support the judgment entered by the lower court. *Allgood v. Nebraska Humane Society,* 197 Neb. 373, 248 N.W.2d 778 (1977). Blaha would have us apply that same rule to an appeal from county court to District Court, which would give rise to the situation that if the record failed to disclose that the bill of exceptions from county court was received in District Court, there would be nothing left for the district judge to do but examine the pleadings, and upon finding that they supported the judgment of the county court, affirm that judgment.

The case of *Tunks v. O'Brien,* 195 Neb. 735, 240 N.W.2d 349 (1976), contains facts somewhat paralleling the situation here. Therein we said: "The bill of exceptions from the county court was filed but was not introduced in evidence. The District Court reviewed the case, considered the bill of exceptions in making his decision, and affirmed the judgment of the county court. Defendant has appealed to this court and there is no properly certified bill of exceptions in accordance with the revised rules of this court, although the county court bill of exceptions is a part of the transcript here.

"When a case is tried in the District Court upon the record from a lower tribunal, that record must be certified as the bill of exceptions in accordance with the Revised Rules of the Supreme Court, 1974, before it can be considered on appeal to this court. In the absence of a proper bill of exceptions, any assignment of error that requires an examination of evidence cannot prevail on appeal. In such a case, the only question presented to this court is the sufficiency of the pleadings to sustain the judgment of the trial court." *Id.* at 736-37, 240 N.W.2d at 350.

However, in the case before us we are not faced with the absence of a properly certified bill of exceptions. It is simply incomplete in that it does not contain the evidence upon which the District Court and both parties unquestionably relied in the trial of the case. Additionally, Frerichs' counsel asked permission to introduce in evidence the absent county court bill of exceptions, but was advised by the court that it was not necessary. Blaha utilized the same bill of exceptions as reflected by his comments and objections noted earlier in this opinion. To now permit him to deny this same right to Frerichs on appeal offends our sense of justice. As stated by McCown, J., dissenting, in *Tunks*: "In this case it is clear beyond all reasonable doubt that the bill of exceptions from the county court was considered and

acted upon as the evidence in the District Court. . . . To deny appellate review under such facts makes a legal mountain out of a procedural molehill. Justice is a fragile thing and can easily be lost in a sea of rules." *Id.* at 737, 240 N.W.2d at 351. We might add, parenthetically, that since this case was heard in District Court, Neb. Rev. Stat. § 24-541.06 (Supp. 1981) makes it now unnecessary, generally, to offer in evidence the county court bill of exceptions on appeal to the District Court.

What we said in *Peterson v. Wolf,* 1 Neb. (Unoff.) 242, 95 N.W. 332 (1901), is appropriate in our consideration on this appeal: "It is also insisted that the written guaranty and subsequent letter were not offered in evidence, but they were both present in court and were read by defendant's attorneys in open court and were evidently considered by all parties as in evidence, and must be so considered now." *Id.* at 243, 95 N.W. at 332.

We conclude that in those cases involving appeals from the county court to the District Court prior to the effective date of § 24-541.06, wherein it appears obvious from the record filed in this court that both the parties and the district judge considered the county court bill of exceptions as having been received in evidence, we will so consider it on appeal to this court. To the extent that *Tunks v. O'Brien,* 195 Neb. 735, 240 N.W.2d 349 (1976), conflicts with this holding, it is overruled.

In order to consider the appellant's remaining two assignments of error, it is necessary to recite some additional facts. Frerichs owned a 1972 Kenworth truck tractor which, on September 20, 1977, developed a noise in the auxiliary transmission. It was taken to Blaha GMC-Jeep, Inc., in Scottsbluff for repairs. Blaha agreed to replace the transmission with a used transmission which it found necessary to rebuild. Frerichs paid Blaha $1,875.19 for this repair work by issuing a bank check on an ac-

count of his. After the tractor was supposedly repaired, it was picked up by Frerichs. In returning the tractor to its home base at Sidney, Frerichs discovered that the transmission was still noisy, it was difficult to shift and would not stay in gear, the transmission did not have an "under low" gear in it as did the original transmission, and the rear seal leaked oil. Upon instructions from Blaha, the tractor was returned for further repairs.

Blaha admitted having improperly repaired the tractor in the first instance. Supposedly, adjustments were made and one of Frerich's employees picked up the tractor. During the return trip to Sidney, the transmission again began to emit noise and the rear seal was leaking. Frerichs, upon calling Blaha, was told to return the tractor for further work, which Frerichs refused to do. Rather, Frerichs stopped payment on the check.

Thereafter, the auxiliary gear continued to emit noise, pop out of gear, and leak oil out of the rear seal. Upon Frerich's refusal to reissue the check, this action was filed.

Frerichs admitted the due execution of the check and the issuance of a "stop payment" order on the same. His amended answer and counterclaim further alleged that the consideration for his issuance of the check was the services rendered in repairing the tractor, but that the tractor was not properly repaired, that the transmission installed failed to have an "under low" gear as represented, and that the transmission installed by Blaha was not fit for the purposes for which it was intended.

When the signatures on an instrument are admitted, as was done here, the production of the instrument entitles the holder to recover on it unless the defendant establishes a defense. However, such a defense must be affirmatively pleaded. *Newman Grove Creamery Co. v. Deaver,* 208 Neb. 178, 302 N.W.2d 697 (1981). Nevertheless, under the code

system of pleading it is not necessary to state a cause of action or a defense in any particular form. *Benson v. Walker,* 157 Neb. 436, 59 N.W.2d 739 (1953). It is only necessary to plead the facts, not the theory of recovery. *Newman Grove Creamery Co. v. Deaver, supra.*

Admittedly, Frerichs' amended answer does not allege a failure of consideration, using that specific term. However, we believe that sufficient facts were pleaded, as set forth above, to constitute the raising of the defense of a total failure of consideration.

In moving to a consideration of the final assignment of error, the finding by the District Court of total failure of consideration, we must follow the rule that the decision of a trial judge has the effect of a jury verdict and will not be set aside on appeal unless clearly wrong. *Dale Electronics, Inc. v. Federal Ins. Co.,* 205 Neb. 115, 286 N.W.2d 437 (1979). Where failure of consideration is pleaded as a defense to an action on a negotiable instrument, the burden is upon the defendant to prove such defense. *Plaza Hotel Co. v. Hotel Stratton,* 132 Neb. 396, 272 N.W. 224 (1937).

It is true, as contended for by Blaha, that there are two kinds of consideration, i.e., that which confers a benefit upon the promisor and that which causes a detriment to the promisee. *Leach v. Treber,* 164 Neb. 419, 82 N.W.2d 544 (1957).

In this instance, Blaha contends that it has performed services to its detriment and that, regardless of the value of these services, such a detriment gives rise to consideration in support of the check. However, " 'In order for a detriment to the promisee to constitute a valid consideration for a note or contract, it must have been within the express or implied contemplation of the parties and known to and agreed to by them.' " *Leach v. Treber, supra* at 423, 82 N.W.2d at 547.

The evidence makes it apparent, and the District Court so found, that however detrimental the services may have been to Blaha, one can be certain that the services as rendered were not within the contemplation of Frerichs when he brought the tractor in for repair. A promise to pay for repairs to a noisy transmission cannot be said to have been made in contemplation of the fact that the transmission would remain noisy after the repairs were made, let alone that it would leak oil out of a rear seal, not stay in gear, and be absent an essential component, an "under low" gear. We must conclude that the evidence supports a finding that any detriment suffered by Blaha in rendering the services cannot be said to have been within the contemplation of the parties and therefore cannot provide consideration requiring enforcement of the check in this instance.

It is equally apparent that Frerichs was not benefited by the services rendered by Blaha, even though the latter contends that Frerichs continued to use the tractor for some period of time without having further repairs made. Regardless of this use, which Frerichs admitted, the testimony showed that the transmission was in worse condition than when it was first turned over for repair. We cannot say that the trial court was clearly wrong when it found that "defendant's truck was not rendered more valuable, more servicable [sic] or more efficient by virtue of plaintiff's work and services thereon and thereto" and, consequently, "that there was an entire failure of consideration for the check given by defendant to plaintiff."

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

KRIVOSHA, C.J., and CLINTON, J., concur in the result.