BELL ABSTRACT & TITLE, INC., A NEBRASKA CORPORATION, AND AMERICAN TITLE INSURANCE COMPANY, A CORPORATION, APPELLEES, V. CARO, INC., A NEBRASKA CORPORATION, APPELLANT.

500 N.W.2d 834

Filed June 4, 1993.   No. S-91-321.

David C. Mussman and, on brief, Richard J. Butler, of Erickson & Sederstrom, P.C., for appellant.

James E. Case for appellees.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ., and GRANT, J., Retired.

BOSLAUGH, J.

This case involves a controversy that arose out of the sale of a funeral home in Plattsmouth, Nebraska.

In March 1988, Kucera-Witzenburg, Inc. (Kucera), and Caro, Inc. (Caro), entered into an agreement for the sale of the Caldwell Funeral Home owned by Caro. Bell Abstract & Title, Inc. (Bell Abstract), as an agent for American Title Insurance Company (American Title), issued a title insurance policy naming Kucera as the insured, covering the property sought to be purchased by Kucera from Caro. The title insurance policy and a subsequent lender's title insurance policy recited that the taxes on the property for 1986 and all prior years had been paid. Pursuant to the purchase agreement between Kucera and Caro, a warranty deed was executed in favor of Kucera on March 24, 1988. After closing, Kucera learned that real estate taxes for the years 1984, 1985, and 1986 had not been paid by the former owner of the property but that the property had been sold to a third party at a county tax sale and that the past due taxes were a lien on the property. Bell Abstract failed to show the lien on the title commitment it issued to Kucera. At the trial Jeffrey Bell, an abstracter and title insurance agent for Bell Abstract, testified that he assumed the taxes had been paid by the owner and not by a third party.

The record shows that Caro had entered into a land contract with Glen and Geraldine Kohel for the sale of the same property in 1984. In 1987, the Kohels defaulted on the land contract and the property was deeded back to Caro. In its amended answer, Caro claims that it had no knowledge that the property taxes for the years 1984, 1985, and 1986 had not been paid by the Kohels. No representative of Caro testified at trial.

The purchase agreement between Kucera and Caro provided that "[t]he 1987 real estate taxes on the Business Premises and all prior real estate taxes shall be paid by the Seller." The warranty deed Caro executed and delivered to Kucera included Caro's covenant that the property was free from encumbrances and its covenant to warrant and defend the title against the lawful claims of all persons.

Bell Abstract and American Title then entered into an agreement with Kucera whereby Bell Abstract and American

Title paid the back taxes and Kucera assigned its rights against Caro to Bell Abstract and American Title. Bell Abstract and American Title subsequently sued Caro for $6,594.16, the amount of real estate taxes plus interest they paid for the years 1984, 1985, and 1986. Bell Abstract and American Title alleged that Caro had breached the terms of the purchase agreement and warranty by failing to pay the real estate taxes for those years.

In its answer, Caro alleged that Bell Abstract was negligent in issuing the title commitment and policies without disclosing the unpaid taxes and that any loss Bell Abstract sustained was due to Bell Abstract's own negligence.

After a trial to the court, the district court found in favor of Bell Abstract and American Title and against Caro in the amount of $6,594.16. The trial court also found that the claim against Caro was a liquidated claim and that Bell Abstract and American Title were entitled to prejudgment interest in the amount of $1,925.28.

Caro filed a motion for new trial arguing, among other things, that the award of prejudgment interest was erroneous. The district court sustained Caro's motion for new trial and eliminated the award of prejudgment interest only. Caro has appealed from that judgment.

Caro has asserted that the trial court erred in considering only evidence of Caro's breach of warranty without also considering the fact that any warranty made by Caro to pay back taxes was induced by the negligence of Bell Abstract; in holding that this case is distinguishable from *Leamer Abstracting Co. v. Rosengartner*, 210 Neb. 719, 317 N.W.2d 57 (1982); in concluding that Caro would receive a windfall as a result of Caro's failure to pay back taxes on the property; and in concluding that Caro knew or should have known that the real estate taxes for the years in question had not been paid.

As to questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *FirsTier Bank v. Triplett*, 242 Neb. 614, 497 N.W.2d 339 (1993); *Young v. Dodge Cty. Bd. of Supervisors*, 242 Neb. 1, 493 N.W.2d 160 (1992). In a bench trial of a law action, a trial court's factual findings have

the effect of a verdict and will not be set aside unless clearly erroneous. In reviewing a judgment awarded in a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id*.

Caro argues that *Leamer Abstracting Co.* supports its position that Bell Abstract, not Caro, is liable for the payment of the back real estate taxes. In *Leamer Abstracting Co.*, the plaintiff, Norris G. Leamer, an attorney in South Sioux City, Nebraska, owned Leamer Abstracting Company. Leamer did abstracting work for the sellers of a piece of real estate located along a highway. In doing the abstracting work, Leamer failed to show that a portion of the property had been sold to the State for highway purposes. The deed executed by the sellers to the buyer included the previously sold portion. The buyer of the property later complained about the error, due to the fact that the buyer had not received all of the property described in the deed. Leamer settled with the buyer for $5,000 and took an assignment from the buyer for its claim against the sellers. Leamer then sued the sellers for $5,000, claiming that the sellers had breached the covenants contained in the warranty deed. This court noted that "the negligence of the plaintiff in extending and certifying the abstract is conceded, and the evidence is uncontradicted that the plaintiff and attorney Leamer were both paid agents of the defendants in connection with this real estate transaction." *Id*. at 723, 317 N.W.2d at 59. This court also stated, "It is clear that the defendants intended to sell only the property they owned and that, except for the negligence of the Leamer Abstracting Company, the description in the deed would have been correct and there would have been no loss to anyone." *Id*. at 722, 317 N.W.2d 58. The *Leamer Abstracting Co.* court held that the abstracter could not avoid liability for its own negligence by suing the sellers under a breach of warranty theory.

In the present case, the district court held that the case at bar was distinguishable from the facts of the *Leamer Abstracting Co.* case. In its opinion, the district court stated that the taxes on the property in question for the years 1984, 1985, and 1986

were due and owing at the time the title work was done by Bell Abstract. The court also noted that Caro, as the owner of the property, knew or should have known that the taxes for those years had not been paid. Accordingly, there was no loss occasioned to Caro, since it alone bore the tax obligation as the owner of the property. Caro also had contractually agreed to pay the back taxes on the property in the agreement between Caro and Kucera. Further, Caro warranted to defend the title of the property against the lawful claims of all persons in the warranty deed. The district court concluded that if Caro were not held responsible for the payment of the taxes, Caro would receive a windfall as a result of Caro's own failure to pay the taxes which it had agreed to pay.

In this case Kucera, not Caro, was the named insured under the title insurance commitment and subsequent title insurance policy. Although Bell Abstract may have been negligent by failing to disclose the unpaid taxes, Caro was not damaged by this negligence because Caro, as the owner of the property, had always been obligated to pay the real estate taxes. As stated previously, no representative of Caro testified at trial. There is no evidence that Caro relied on the title commitment before executing the purchase agreement or warranty deed. Caro argues that the Kohels were obligated under a land sale contract to pay the real estate taxes for the years in question. However, in 1987, the Kohels quitclaimed the property back to Caro. There is nothing in the record as to whether Caro and the Kohels resolved or even discussed the unpaid real estate taxes on the property for the years 1984, 1985, and 1986.

Caro's obligation to pay the taxes on the real estate it owned was independent of any negligence on the part of Bell Abstract. Any negligence of Bell Abstract was not a proximate cause of any loss to Caro.

In the purchase agreement with Kucera, Caro covenanted to pay the 1987 real estate taxes on the property along with "all prior real estate taxes." The warranty deed that Caro executed and delivered to Kucera included Caro's covenant to warrant and defend the title to the real estate against the lawful claims of all persons.

The judgment of the district court is affirmed.

AFFIRMED.