HAROLD J. MIX, APPELLANT, V. CITY OF LINCOLN, A MUNICIPAL CORPORATION, APPELLEE.

508 N.W.2d 549

Filed November 19, 1993.   No. S-91-772.

Harold J. Mix, pro se.

William F. Austin, Lincoln City Attorney, and Joel D. Pedersen for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

LANPHIER, J.

This action was brought under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1987), in the district court for Lancaster County. The plaintiff-appellant, Harold J. Mix, alleged he was injured when he drove his car into a hole made by the defendant-appellee, City of Lincoln, at an intersection in order to replace a portion of road. He claimed that the appellee was negligent in failing to properly barricade the site. After a bench trial, the district court found that although the appellee was negligent as alleged, the appellant's contributory negligence was more than slight in comparison. The court, therefore, entered judgment in favor of the appellee. We affirm.

## BACKGROUND

The accident occurred on August 9, 1988, at approximately 9 p.m. The appellant was traveling eastbound on Harrison Street, a two-lane residential street, toward 10th Street, a three-lane one-way arterial. The appellant claimed that the sun had set and that it was dark, but that the streetlights had not yet come on. He stated, however, that he had his headlights on. Upon reaching the intersection, he stopped. He observed two barricades in the middle of 10th Street just to the north of his vehicle, and he observed numerous barricades in the middle of 10th Street to the south of his vehicle. However, the portion of 10th Street he intended to cross was not barricaded and appeared "normal."

As the appellant proceeded into the intersection, he was looking north. When he reached the middle lane of 10th Street, his car fell into the hole mentioned above and stopped abruptly upon reaching the opposite wall of the hole, 12 feet 8 inches away. The hole measured 12 feet 8 inches by 24 feet 6 inches and was 1 foot deep. Charles Craig, an employee of the appellee, left the site at about 4 p.m. on August 9. Prior to leaving, he placed two barricades on the east end of the hole facing Harrison Street traffic and two on the west end facing 10th Street traffic. However, at the time the appellant's car fell into the hole, two barricades were located in the north end of the hole facing Harrison Street and two barricades were located

just outside the south end of the hole facing 10th Street traffic.

## ASSIGNMENTS OF ERROR

As summarized, the appellant asserts that the trial court erred in (1) finding that he failed to keep a proper lookout, (2) finding that he failed to keep his vehicle under reasonable and safe control, (3) finding that he was contributorily negligent and that his contributory negligence was a proximate cause of his injuries, (4) finding that his negligence was more than slight as compared with that of the appellee, (5) entering judgment in favor of the appellee, (6) failing to find that the inadequate barricading of the excavation constituted gross negligence on the part of the appellee, (7) failing to find that the inadequately maintained safety equipment constituted gross negligence on the part of the appellee, and (8) not allowing the appellant to recover partial damages.

The appellee takes issue with the appellant's assignments of error, arguing that they are not sufficiently specific to meet the requirements of Neb. Rev. Stat. § 25-1919 (Cum. Supp. 1992) and Neb. Ct. R. of Prac. 9D(1)d (rev. 1992).

A litigant proceeding on a pro se basis is obligated to follow the same appellate rules and procedures applicable to counsel, including the requirement that the appellant point out alleged errors by reference to specific portions of the record. *GFH Financial Serv. Corp. v. Kirk*, 231 Neb. 557, 437 N.W.2d 453 (1989). Moreover, an appellate court will not consider assignments of error which are not discussed in the brief. *Marple v. Sears, Roebuck & Co., ante* p. 274, 505 N.W.2d 715 (1993).

Although most of the appellant's assignments of error are not discussed in his brief, those assignments that were generally discussed combine to assert that the trial court's decision, especially with respect to the issue of proper lookout, was not supported by the evidence adduced at trial. In raising this issue, the appellant also addresses whether the trial court properly assessed the degree of his contributory negligence.

## STANDARD OF REVIEW

A district court's factual findings in a case brought under the Political Subdivisions Tort Claims Act will not be set aside

unless such findings are clearly incorrect. *Lemke v. Metropolitan Utilities Dist.*, 243 Neb. 633, 502 N.W.2d 80 (1993). In a bench trial of a law action, a trial court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous. In reviewing a judgment awarded in a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party, who is entitled to every reasonable inference deducible from the evidence. *Bell Abstract & Title v. Caro, Inc.*, 243 Neb. 576, 500 N.W.2d 834 (1993). See, also, *Schuessler v. Benchmark Mktg. & Consulting*, 243 Neb. 425, 500 N.W.2d 529 (1993); *FirsTier Bank v. Triplett*, 242 Neb. 614, 497 N.W.2d 339 (1993); *Ohnstad v. Omaha Public Sch. Dist. No. 1*, 232 Neb. 788, 442 N.W.2d 859 (1989).

## PROPER LOOKOUT

The appellant contends that the evidence adduced at trial cannot support the trial court's finding that he failed to keep a proper lookout. The appellant testified that when he stopped, he saw the two barricades that were just north of his vehicle inside the hole. He also testified that as he entered the intersection, he was looking north, not straight ahead. The appellant testified that although the sun had set and the streetlights had not yet come on, he had his headlights on. Moreover, the appellant concedes that the hole is a different color than the surrounding pavement. Additionally, the hole was 12 feet 8 inches wide, 24 feet 6 inches long, and 1 foot deep. When we construe this evidence in the light most favorable to the appellee, we cannot conclude that the trial court's finding was clearly erroneous.

## CONTRIBUTORY NEGLIGENCE

Next, the appellant contends that the trial court erred when it determined that his contributory negligence was more than slight in comparison with the appellee's negligence.

A plaintiff is contributorily negligent if (1) the plaintiff fails to protect himself or herself from injury, (2) the plaintiff's conduct concurs and cooperates with the defendant's actionable negligence, and (3) the plaintiff's conduct contributes to the plaintiff's injuries as a proximate cause.

*Lemke v. Metropolitan Utilities Dist., supra.*

In pertinent part, Neb. Rev. Stat. § 25-21,185 (Reissue 1989) states:

> In all actions brought to recover damages for injuries to a person or to his property caused by the negligence . . . of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence . . . of the defendant was gross in comparison
> . . . .

Upon a review of the evidence, especially that evidence showing that the appellant failed to keep a proper lookout, we cannot say the trial court erred in concluding that the appellant's contributory negligence was more than slight as compared to the appellee's. Under our standard for review of the evidence, we cannot say that the appellee was grossly negligent.

### CONCLUSION

The judgment of the trial court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.
SHANAHAN, J., not participating.