LYLE H. DIEFENBAUGH AND MAXINE DIEFENBAUGH, APPELLANTS, V. BUFORD RACHOW AND VIRGINIA RACHOW, APPELLEES.

508 N.W.2d 575

Filed December 3, 1993.    No. S-91-543.

Greg C. Harris for appellants.

Larry W. Beucke, of Parker, Grossart, Bahensky & Beucke, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

LANPHIER, J.

This is an action for the collection of two debts. The first cause of action is based on an unsecured, written promissory note. The second regards plaintiffs' attempt to recover a deficiency judgment for the balance due on a secured note after repossession of the collateral. The district court found plaintiffs were entitled to enforce the unsecured promissory note, but defendants were entitled to a partial setoff against plaintiffs' claims. The district court dismissed the cause of action for the alleged deficiency due on the secured note because of plaintiffs' failure to give defendants notice of the sale as required under Neb. U.C.C. § 9-504(3) (Reissue 1980). We affirm.

## FACTS

In March 1983, plaintiffs, Lyle H. Diefenbaugh and Maxine Diefenbaugh, acquired a bar and restaurant known as Little Nashville. Plaintiffs managed the establishment until July 1983, when they hired defendants, Buford Rachow and Virginia Rachow, to manage the establishment. In December 1983, defendants agreed to purchase the business for $16,000.

On December 16, defendants executed a note, a security agreement, and a financing statement to finance their purchase of the bar and restaurant. Under the note, defendants would make 60 installment payments of $377.06 each, beginning January 20, 1984, and continuing on the same day of each month until the maturity date, December 20, 1988.

Defendants made four payments under the note, but by March 1984, defendants were in default of the note. After several discussions between the two parties, defendants returned the property and plaintiffs accepted it. An inventory was taken of the items in the bar and restaurant, and plaintiffs applied the inventory's value against the balance due under the note. Defendants never received written notice regarding the disposition of the property. Plaintiffs sought a deficiency judgment based on the remaining balance of the secured promissory note executed by defendants. The trial court dismissed the cause of action for the balance due on the secured note because of the failure to give notice required by § 9-504(3).

The unsecured note for $1,191.09 was signed by defendants on July 9, 1985. This unsecured note was the basis of plaintiffs' first cause of action. However, in January 1984, defendants paid federal taxes in the amount of $746.45. The taxes were for months in 1983 when plaintiffs were still owners of Little Nashville. After entering judgment on that note, the trial court setoff the judgment by the amount representing employee withholding taxes which defendants paid on behalf of plaintiffs.

Plaintiffs assert the trial court erred in finding that (1) defendants were entitled to a setoff for withholding taxes paid on the cause of action based on the unsecured note and (2) defendants had not waived their right to notice under § 9-504(3) regarding the secured note.

## STANDARD OF REVIEW
In a bench trial of a law action, a trial court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous. In reviewing a judgment awarded in a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the

successful party, who is entitled to every reasonable inference deducible from the evidence. *Bell Abstract & Title v. Caro, Inc.*, 243 Neb. 576, 500 N.W.2d 834 (1993); *FirsTier Bank v. Triplett*, 242 Neb. 614, 497 N.W.2d 339 (1993).

## ANALYSIS

### SETOFF

Neb. Rev. Stat. §§ 25-812 and 25-816 (Reissue 1989) permit setoff under stated circumstances. Defendants purchased the business in December 1983. On January 10, 1984, defendants paid $746.45 for employee withholding taxes. Although plaintiffs no longer owned the establishment at that time, the taxes were for the months of July, August, and September 1983, when plaintiffs owned the business. During this time, defendants were only managing the establishment, and defendants stated that all the bills were paid by them from the account of plaintiffs. Furthermore, plaintiff Maxine Diefenbaugh listed the establishment on her 1983 income taxes. The trial court was therefore correct in reducing the amount owed by defendants to plaintiffs on the unsecured note by the amount paid by defendants to extinguish plaintiffs' tax obligation.

### WAIVER OF NOTICE

At the outset, we address defendants' claim that plaintiffs were estopped from introducing evidence of waiver because plaintiffs did not plead waiver in response to defendants' claim that plaintiffs failed to provide them with notice under § 9-504(3). Under § 9-504(3), plaintiffs were required to give notice to defendants of the sale or disposition of the collateral. In their answer, defendants asserted plaintiffs failed to provide them with notice of the disposition or sale of the collateral.

For the purpose of analyzing the sufficiency of plaintiffs' pleading facts responsive to defendants' claim of lack of notice, the issue is analogous to pleading affirmative defenses. We have previously stated that an affirmative defense must be specifically pled to be considered. *Lease Northwest v. Davis*, 224 Neb. 617, 400 N.W.2d 220 (1987); *Columbus Bank & Trust Co. v. High Country Stable*, 202 Neb. 724, 277 N.W.2d 81

(1979). We have also stated that it is not necessary to state a defense in any particular form as long as the facts supporting the assertion are stated. *Cass Constr. Co. v. Brennan*, 222 Neb. 69, 382 N.W.2d 313 (1986); *Blaha GMC-Jeep, Inc. v. Frerichs*, 211 Neb. 103, 317 N.W.2d 894 (1982). Under the code system of pleading, it is not necessary to state a cause of action or a defense in any particular form. *Id*. In the cited cases, this court did not require the use of specific language asserting defenses as long as sufficient facts were pled to constitute the raising of the alleged defense. Facts pled are sufficient if they put the plaintiff on notice of the issues. Pleadings frame the issues upon which the cause is to be tried and advise the adversary as to what the adversary must meet. *Ruwe v. Farmers Mut. United Ins. Co.*, 238 Neb. 67, 469 N.W.2d 129 (1991).

In *Blaha GMC-Jeep, Inc.*, the defendant alleged in his answer that the consideration for issuing a check was the repair of his tractor, which was not properly repaired, and the defendant provided examples of the plaintiff's failure to repair the tractor. This court found such allegations sufficient to constitute raising the defense of total failure of consideration. In *Cass Constr. Co.*, we stated that, at a minimum, the defense of accord and satisfaction requires a pleading of payment and acceptance on a mutual agreement, express or implied, of a certain sum of money in full settlement of a preexisting and previously disputed obligation. We then concluded that the defendants' answers, alleging that Cass settled any claims it may have had against the defendants when it cashed the conditional check, sufficiently alleged the defense of accord and satisfaction. *Id*.

"Waiver," in reference to § 9-504(3), was defined in *City Bank & Trust Co. v. Van Andel*, 220 Neb. 152, 158-59, 368 N.W.2d 789, 794 (1985), as

"'a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed; the voluntary abandonment or surrender, by a capable person, of a right known by him to exist, with the intent that such right shall be surrendered and such person forever deprived of its

benefits; *or such conduct as warrants an inference of the relinquishment of such right*; or the intentional doing of an act inconsistent with claiming it.' "

(Emphasis in original.)

In the present case, plaintiffs' amended petition alleges in paragraph 8 that

> on or about the 1st day of March, 1985, *defendants voluntarily turned over to plaintiffs collateral*, securing said promissory note, in the amount of ONE THOUSAND FOUR HUNDRED FIFTEEN DOLLARS AND 48/100 ($1,415.48) *and that plaintiffs applied, with the knowledge and consent of defendants, the total value of said collateral against said promissory note.*

(Emphasis supplied.)

In the above-quoted paragraph, plaintiffs specifically allege that defendants voluntarily surrendered the collateral and not only knew about, but consented to, the application of the total value of the collateral against the promissory note. These allegations were sufficient to raise the issue of whether defendants' conduct constituted a waiver of their right to notice of the disposition of the collateral.

## WAS THERE A WAIVER?

We now turn to the issue raised by plaintiffs on appeal, whether the trial court erred in finding plaintiffs did not waive their right to notice under § 9-504(3). The law applicable at the time provided that compliance with the Uniform Commercial Code for notification as to the disposition of collateral is a condition precedent to a secured creditor's right to recover a deficiency. *City Bank & Trust Co. v. Van Andel, supra.* The burden of proof is on the secured party to prove compliance with the statutory requirements of notice and reasonableness of notice. Failure to give notice is an absolute bar to the recovery of a deficiency. *Id.*

Generally, the question of whether there was a waiver is a question left to the trier of fact. *Naftzger v. Naftzger & Kuhe, Inc.*, 26 Conn. App. 521, 602 A.2d 606 (1992) (waiver of arbitration provision); *Hanover Ins. Co. v. Fireman's Fund Ins. Co.*, 217 Conn. 340, 586 A.2d 567 (1991) (waiver of right to

assert statutory limitation of suit clause).

Courts have held that a voluntary surrender of the collateral for repossession does not automatically extinguish the debtor's right to notice. *Gavin v. Washington Post Emp., etc.*, 397 A.2d 968 (D.C. App. 1979); *Union Trust Co. of Ellsworth v. Hardy*, 400 A.2d 384 (Me. 1979). See, also, *Simmons Mach. Co. v. M & M Brokerage, Inc.*, 409 So. 2d 743 (Ala. 1981) (written waiver required). Such a concept would undercut article 9's policy of promoting "peaceful repossessions and . . . safeguard[ing] the rights of debtors to redeem, as well as to participate in public sales or otherwise to insist upon 'commercial reasonableness' in the course of other dispositions of collateral." *Union Trust Co. of Ellsworth v. Hardy*, 400 A.2d at 388.

Other courts require that the debtor must have been aware of his right to notice before finding he intentionally waived the right. A debtor must have known of his right to prior notice of sale and must have realized he was renouncing that right. Such knowledge cannot be imputed. In cases where the circumstances do not establish that the debtors knew of their right to notice or that they intentionally waived their right, courts have found the agreements do not amount to valid waivers. See *Western Nat. Bank of Casper v. Harrison*, 577 P.2d 635 (Wyo. 1978). See, also, *In re Winer*, 39 B.R. 504 (S.D.N.Y. 1984) (signed statement did not show intent to waive).

In *City Bank & Trust Co. v. Van Andel*, 220 Neb. 152, 368 N.W.2d 789 (1985), we held that a debtor's right to notice under § 9-504(3) could be waived by his conduct. Although not deciding the case on the merits, we held there was sufficient evidence of the debtor's waiver of notice to overcome a motion for summary judgment. In support of our decision, we cited in the opinion two cases which presented facts where the debtor's conduct amounted to an implicit waiver of the right to notice. In *Commercial Credit v. Wollgast*, 11 Wash. App. 117, 521 P.2d 1191 (1974), the debtor had voluntarily relinquished possession of the collateral with the intent that the secured party would sell it. In addition, the debtor had notice of the secured party's intent to sell the collateral and was unable to take any action financially. In *Nelson v. Monarch Invest. Plan of Henderson, Inc.*, 452 S.W.2d 375 (Ky. 1970), the debtor transferred the

property to the secured party with instructions that the secured party should sell at the best price. The debtor also indicated no further interest in the property and no future intent to bid on it. The court noted that the debtor presented no evidence that notice to him would have resulted in a higher sale price, and it concluded that the evidence established an intentional relinquishment of the right to notice. In *Citizens State Bank v. Sparks*, 202 Neb. 661, 276 N.W.2d 661 (1979), this court found there was no waiver by the debtor of the right to notice, because the debtor had not intentionally transferred possession of the collateral or title to it, and the debtor had expressed an interest in retaining the collateral.

In reviewing cases from other jurisdictions as well as the limited number in our own, it appears that in order to constitute waiver, there must be a sufficient manifestation of the debtor's intent to waive his right to notice. *Simmons Mach. Co. v. M & M Brokerage, Inc., supra.* See, also, *Citizens State Bank v. Sparks, supra*; *Nelson v. Monarch Invest. Plan of Henderson, Inc., supra.* Such manifestation may take the form of conduct which evidences a voluntary, intentional, and complete rejection of any interest in the subject collateral. Evidence that the debtor relinquished his interest in the collateral with the intent and knowledge that the collateral be sold by the secured party is appropriate to determine whether or not he waived his right to notice. See, *id.*; *James Talcott, Inc. v. Reynolds*, 165 Mont. 404, 529 P.2d 352 (1974); *Commercial Credit Corporation v. Wollgast*, 11 Wash. App. 117, 521 P.2d 1191 (1974).

Applying the foregoing principles to the facts before us, we cannot say the trial court's finding that there was no waiver of the right to notice was erroneous. Although the actions of defendants constituted a voluntary surrender of the collateral, there is no further evidence provided by plaintiffs that defendants intended to waive their right to be notified of the disposition of the collateral. Plaintiffs maintain that defendants' participation in the inventory of the bar and restaurant served to waive their right to notice under § 9-504(3). However, the court found that although Buford Rachow, along with Maxine Diefenbaugh, participated in the inventory, it was

unclear who assigned the values to the items in the bar and restaurant and whether valuation was based on wholesale or retail. The evidence is unclear. Regardless, Buford Rachow's participation alone does not evidence an intent to waive notice because it is not clear that his intent in participating in the inventory process was to relinquish any further rights he had as a debtor. Under these circumstances, we find that plaintiffs failed to establish that defendants' conduct resulted in a waiver of their right to notice of the disposition of the collateral under § 9-504(3).

## CONCLUSION

The trial court was correct in finding that defendants were entitled to a setoff and that plaintiffs' claim for deficiency was barred because they failed to comply with the notice provisions of § 9-504(3).

AFFIRMED.

SHANAHAN, J., not participating.