PAUL A. ROSBERG ET AL., APPELLANTS, V. NANCI L. LINGENFELTER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RAYMOND M. LINGENFELTER, DECEASED, APPELLEE.

516 N.W.2d 625

Filed June 3, 1994. No. S-92-791.

Paul A. Rosberg, pro se.

Stephen C. Wade, of Curtiss & Wade, P.C., for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

PER CURIAM.

The plaintiffs, Paul A. Rosberg and his children, filed this action in replevin against the defendant, Nanci L. Lingenfelter, individually and as personal representative of the estate of Raymond M. Lingenfelter, for the recovery of a grain bin. The plaintiffs also claimed damages for detention, loss of use, and costs of moving the bin. The case was tried to a jury, which returned a verdict in favor of the defendant.

The plaintiffs have appealed to this court. Among other things, the plaintiffs assign as error the trial court's instructing the jury on the statute of limitations.

Rosberg purchased a parcel of farmland from Raymond and Dora Goeres on contract. Rosberg defaulted on this contract, and in 1984, the Goereses filed a foreclosure action against Rosberg. Following a judgment for the Goereses, the farmland was sold in a sheriff's sale to the Small Business Administration. The sheriff's sale was confirmed on July 12, 1985.

The bin in question was purchased and put on the farmland in 1983. In March 1985, Betty Rosberg, the purchaser of the bin, executed a financing statement in favor of Spencer Rosberg, Paul Rosberg's father. The financing statement granted Spencer Rosberg a security interest in the bin among other items. In March 1990, Spencer Rosberg filed a continuation of the financing statement and at the same time assigned his interest in the bin to Paul Rosberg and his children.

In July 1986, Glen Kumm purchased the farmland from the

SBA along with all fixtures attached thereto. Kumm took possession of the farmland in the same month. Throughout the remainder of 1986 and 1987 Paul and Betty Rosberg wrote several letters to Kumm attempting to get various items of property which they had left on the farmland when they vacated; included among these items was the grain bin.

In 1989, Kumm cleaned the grain bin and removed it from the farmland. He made several improvements to the bin and sold it to the defendant and her family.

The plaintiffs filed this suit against the defendant in April 1991. Although none of the defendant's pleadings raise the issue of the statute of limitations, the trial court, over the plaintiffs' objections, gave the jury an instruction on the defense.

An affirmative defense must be specifically pled to be considered. *Diefenbaugh v. Rachow*, 244 Neb. 631, 508 N.W.2d 575 (1993); *Nebraska Pub. Emp. v. City of Omaha*, 244 Neb. 328, 506 N.W.2d 686 (1993). "When it is not apparent from the face of the petition that the action is barred by the statute of limitations, the affirmative defense of the statute of limitations must be raised in the answer." *L.J. Vontz Constr. Co. v. Department of Roads*, 232 Neb. 241, 244, 440 N.W.2d 664, 665 (1989).

In this case, the plaintiffs' petition is not barred by the statute of limitations on its face. The defendant did not attempt to plead the statute of limitations as a defense, did not request any such instruction, and on appeal does not contend that the pleadings support the statute of limitations defense.

It is error to submit to the jury an issue which is not pleaded in the case. *Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986); *Simon v. Christie*, 210 Neb. 600, 316 N.W.2d 303 (1982). "It is more than mere probability that an instruction on a matter not an issue in litigation distracts a jury in its effort to answer legitimate, factual questions raised during trial." *Bump v. Firemens Ins. Co.*, 221 Neb. at 690, 380 N.W.2d at 277.

The instruction on the statute of limitations was prejudicial error. The remaining assigned errors in the plaintiffs' brief are without merit.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

BOSLAUGH, J., participating on briefs.