FRANKIE LEVI COLE, APPELLANT, V.
SCOTT ISHERWOOD ET AL., APPELLEES.

653 N.W.2d 821

Filed December 6, 2002.    No. S-00-665.

Frankie Levi Cole, pro se.

Don Stenberg, Attorney General, and Jennifer M. Amen for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.
Frankie Levi Cole, an inmate, brought an action against various prison employees asserting claims for personal injury and property loss. Defendants successfully demurred to Cole's third amended petition on grounds that the district court lacked jurisdiction and that the petition failed to state a cause of action. The action was dismissed. The Nebraska Court of Appeals affirmed the dismissal, holding the district court lacked subject matter jurisdiction. *Cole v. Isherwood*, 11 Neb. App. 44, 642 N.W.2d 524 (2002). We granted Cole's petition for further review.

## I. FACTS
The facts in this case are fully set forth in the opinion of the Court of Appeals and are summarized here. In his original petition filed on July 2, 1999, Cole alleged that defendants refused his request to be transferred to a cell with a nonsmoking cellmate and denied him proper medical attention after two separate altercations with his cellmate. After the first altercation, Cole required surgery on his right thumb, and after the second, he required stitches near his left eye.

Defendants successfully demurred to Cole's initial petition, as well as his first and second amended petitions. Cole then filed his operative third amended petition, which alleges tort claims and violations of 42 U.S.C. § 1983 (2000) and is brought against defendants in their individual capacities for monetary damages and in their official capacities to the extent that prospective injunctive relief might apply. Defendants filed a demurrer asserting that the court lacked jurisdiction over Cole's claims and their persons and that the petition did not state a cause of action. After conducting a telephonic hearing, the district court sustained the demurrer on all grounds and dismissed the petition without articulating its rationale. The court found that it was reasonably unlikely that Cole could amend to correct the grounds stated in the demurrer.

The Court of Appeals affirmed in a published opinion. *Cole v. Isherwood, supra.* The court found that Cole's claims were subject to the Nebraska State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 1996), because his allegations were brought against state employees based upon alleged actions within the scope of their employment. The State Tort Claims Act provides in relevant part that "[n]o suit shall be permitted . . . unless the State Claims Board has made final disposition of the claim." § 81-8,213. The court noted that Cole filed his initial suit in district court on July 2, 1999. In his third amended petition filed April 3, 2000, Cole alleged that he filed his claim with the State Claims Board on March 31, 1999, and that it was denied on August 11, 1999. *Cole v. Isherwood, supra.* Based upon these facts, the Court of Appeals determined that the district court properly granted the demurrer because when "Cole filed his petition prior to the denial of his claims by the State Claims Board, the district court lacked jurisdiction to hear Cole's claim under the Act." *Id.* at 50, 642 N.W.2d at 530.

The Court of Appeals noted that a question remained as to whether Cole had a valid cause of action under § 1983. Citing *Pratt v. Clarke,* 258 Neb. 402, 604 N.W.2d 822 (1999), the court found that when a prisoner has requested both monetary damages and injunctive relief with respect to prison conditions under § 1983, the Prison Litigation Reform Act requires that the prisoner exhaust his or her administrative remedies before bringing the action. The Court of Appeals determined that Cole failed to exhaust his remedies because he filed his State Tort Claims Act claim in an untimely manner, and concluded that "[t]herefore, the district court lacked jurisdiction to hear Cole's § 1983 claims and correctly granted the defendants' demurrer . . . ." *Cole v. Isherwood,* 11 Neb. App. 44, 51, 642 N.W.2d 524, 530 (2002).

## II. ASSIGNMENTS OF ERROR

In his petition for further review, Cole asserts that the Court of Appeals erred as a matter of law (1) in finding that the district court lacked jurisdiction because final determination by the State Claims Board had not been made prior to initiation of the district court action and (2) in finding that the district court

lacked jurisdiction to hear the § 1983 action because administrative remedies had not been exhausted.

## III. STANDARD OF REVIEW

■ In reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept the conclusions of the pleader. *Regier v. Good Samaritan Hosp., ante* p. 660, 651 N.W.2d 210 (2002); *Shirley v. Neth, ante* p. 138, 646 N.W.2d 587 (2002).

## IV. ANALYSIS

### 1. SUBJECT MATTER JURISDICTION

Cole argues that the Court of Appeals erred in holding that the district court lacked subject matter jurisdiction over his claims. He generally contends that the filing of a suit in district court prior to final disposition of a claim filed with the State Tort Claims Board does not deprive the district court of subject matter jurisdiction. He further argues that exhaustion of administrative remedies is not a jurisdictional component of a § 1983 action.

### (a) State Tort Claims Act

The relevant portion of the State Tort Claims Act provides that no suit can be brought in district court "unless the State Claims Board has made final disposition of the claim." § 81-8,213. Final disposition occurs either when the claims board decides the claim or when the claim is withdrawn. See *id.* The statute specifically states, however, that a claim may be withdrawn only if the board has not acted upon the claim within 6 months. *Id.* From the face of the operative third amended petition, it is apparent that Cole's suit was filed in the district court less than 6 months after the claim was submitted to the claims board and prior to final disposition by that board.

■ Cole relies upon cases interpreting a separate but similar provision in the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1997). See, *Keller v. Tavarone*, 262 Neb. 2, 628 N.W.2d 222 (2001); *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990). In *Keller* and *Millman*, we held that the failure to file or present a claim to the appropriate

political subdivision did not deprive the district court of subject matter jurisdiction. *Id.* See § 13-905. Generally, provisions in the Political Subdivisions Tort Claims Act should be construed in harmony with similar provisions in the State Tort Claims Act. *Jasa v. Douglas County*, 244 Neb. 944, 510 N.W.2d 281 (1994). The provisions in both acts requiring the presentment of claims prior to initiation of actions in the district court are nearly identical. Compare § 81-8,212 with § 13-905 (requiring that claims "shall be filed"). Thus, the rule that the filing or presentment of a claim is not a jurisdictional prerequisite to commencement of suit applies to the State Tort Claims Act, as well as the Political Subdivision Tort Claims Act.

This rule, however, does not fully resolve the question of subject matter jurisdiction in this case. In both *Keller* and *Millman*, the plaintiff wholly failed to file a claim with the applicable governing board. See §§ 81-8,212 and 13-905. In this case, the third amended petition alleges that Cole presented his initial claim to the board on March 31, 1999, thus complying with the initial presentment provision in the State Tort Claims Act. See § 81-8,212. Cole, however, filed suit in the district court on July 2, although the claims board did not finally deny his claim until August 11.

These facts meet the initial presentment requirement of § 81-8,212 but conflict with the requirement of § 81-8,213 that no suit can be brought in district court "unless the State Claims Board has made final disposition of the claim." The issue presented is whether the reasoning of *Keller* and *Millman* applies to these facts. We conclude that it does.

Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001); *Falotico v. Grant Cty. Bd. of Equal.*, 262 Neb. 292, 631 N.W.2d 492 (2001). The district court has exclusive subject matter jurisdiction over suits under the State Tort Claims Act pursuant to § 81-8,214. The requirements of § 81-8,213, like the requirements of § 81-8,212, are simply statutory conditions that a plaintiff must follow prior to instigating suit in district court. As we have noted:

"[S]tatutory conditions or conditions precedent have nothing to do with subject matter jurisdiction of [the trial court]. [Citations omitted.] They deal only with the appropriate conditions set by the legislature as a prerequisite for commencing or maintaining an action. Subject matter jurisdiction is conferred on the [trial court] by the constitution. [Citation omitted.] Whether or not a proper claim has been filed, the [trial court] has jurisdiction of the subject matter." *Millman v. County of Butler*, 235 Neb. 915, 922, 458 N.W.2d 207, 212 (1990), quoting *Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 357 N.W.2d 548 (1984).

In this case, the statutory condition requiring final disposition by the board prior to instigation of a suit is analogous to the statutory condition requiring the initial presentment of a claim to the Board. In *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 368-69, 417 N.W.2d 757, 766 (1988), we explained the purpose or function of requiring an initial claim against a governing board:

[T]he written claim required by [the Political Subdivisions Tort Claims Act] notifies a political subdivision concerning possible liability for its relatively recent act or omission, provides an opportunity for the political subdivision to investigate and obtain information about its allegedly tortious conduct, and enables the political subdivision to decide whether to pay the claimant's demand or defend the litigation predicated on the claim made.

Summarized, the Political Subdivisions Tort Claims Act "affords a governmental subdivision a pre-action opportunity, or a period before commencement of a lawsuit, to examine the merits of a tort claim and possibly avoid the expense, time, and varied but frequent rigors of litigation to dispose of a claim." *Millman v. County of Butler*, 235 Neb. at 925, 458 N.W.2d at 214.

This reasoning applies equally to the final disposition requirement in the State Tort Claims Act. Like the requirement of the initial filing of a claim, the final disposition requirement is simply a statutory procedural requirement enacted to benefit the State entity being sued by allowing it an opportunity to adequately examine and investigate the claim prior to commencement of a lawsuit. Thus, although filing a lawsuit prior to final disposition

of the claim by the claims board violates the statutory requirement of § 81-8,213, it does not deprive the district court of its general subject matter jurisdiction to hear the case. See *Millman v. County of Butler, supra.*

■ The only remaining question is whether the filing of the claim with the board vested the board with subject matter jurisdiction so that the district court could not exercise its general subject matter jurisdiction prior to resolution of the claim. Generally, when subject matter jurisdiction is vested in one judicial tribunal, it cannot simultaneously be exercised in another. See *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001). This case, however, does not involve two judicial tribunals. According to § 81-8,211, the State Claims Board, acting on behalf of the State, has authority to "consider, ascertain, adjust, compromise, settle, determine, and allow any tort claim." The plain language of the statute reveals that the claims board is not acting in a judicial manner, but is merely representing the State, one of the parties to the dispute. The filing of a claim with the board therefore cannot divest the district court of its subject matter jurisdiction to hear a tort claim.

■ In summary, we hold that the filing requirements set forth in § 81-8,212 and the final disposition requirements set forth in § 81-8,213 of the State Tort Claims Act are conditions precedent to the commencement of suit, but are not jurisdictional prerequisites for the adjudication of a tort claim against the State. Accordingly, the Court of Appeals erred in concluding that the district court lacked subject matter jurisdiction to determine Cole's tort claims under the State Tort Claims Act. While defendants may assert an affirmative defense alleging Cole's failure to comply with § 81-8,213, such a defense is not jurisdictional in nature and therefore was not properly raised by defendants' demurrer. See Neb. Rev. Stat. § 25-806(1) (Reissue 1995).

### (b) 42 U.S.C. § 1983

The Court of Appeals also concluded that Cole's failure to exhaust his administrative remedies under the State Tort Claims Act caused the district court to lack subject matter jurisdiction to hear his § 1983 claims.

In reaching its conclusion, the Court of Appeals relied upon our decision in *Pratt v. Clarke*, 258 Neb. 402, 604 N.W.2d 822 (1999). In *Pratt*, a prisoner filed a § 1983 action alleging that prison employees were conspiring to deprive him of his rights under the U.S. Constitution. The prisoner sought both injunctive and monetary relief. The defendant prison employees demurred to the petition, alleging, inter alia, that it failed to state a cause of action and that the district court did not have subject matter jurisdiction.

In *Pratt*, we recognized that the Prison Litigation Reform Act (hereinafter PLRA), adopted in 1996, requires prisoners to exhaust administrative remedies prior to filing actions under § 1983 or any federal law. We found that Pratt had a number of administrative remedies available to him which he had not exhausted prior to filing his § 1983 action. *Id.*, citing Neb. Rev. Stat. §§ 83-4,111 and 83-4,135 through 83-4,139 (Reissue 1999) and 68 Neb. Admin. Code, ch. 2 (1994). After examining the available administrative prison grievance procedures, we stated:

> We note that other remedies are not precluded. In particular, 68 Neb. Admin. Code, ch. 2, § 005.01 (1994), stated: "Claims against the Department involving miscellaneous or tort claims for money damages may be filed pursuant to the State Tort Claims Act." *Thus, prisoners in Nebraska must adhere to and exhaust these specific provisions before bringing a § 1983 claim.*

(Emphasis supplied.) *Pratt v. Clarke*, 258 Neb. at 407, 604 N.W.2d at 826. Our holding in *Pratt* clearly required a prisoner to exhaust his or her administrative remedies under the State Tort Claims Act prior to bringing a § 1983 action. Because Pratt failed to comply with the PLRA by exhausting his administrative remedies, we concluded that the district court lacked subject matter jurisdiction to hear his § 1983 claim.

Since *Pratt* was decided, however, the Eighth Circuit has held that a prisoner's failure to exhaust administrative remedies prior to bringing a § 1983 action does not deprive a court of subject matter jurisdiction. *Chelette v. Harris*, 229 F.3d 684 (8th Cir. 2000). The court in *Chelette* reasoned that the applicable provisions of the PLRA, codified at 42 U.S.C. § 1997e (2000), did not contain the " 'sweeping and direct' " language

necessary to impose a jurisdictional requirement of exhaustion of administrative remedies. 229 F.3d at 687. See § 1997e(a). The court noted that this conclusion was reinforced by other provisions of § 1997e which permit a court to evaluate and dismiss a claim on the ground that it lacks substantive merit even when administrative remedies have not been exhausted. Similar conclusions have been reached by other federal circuit courts. *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000); *Rumbles v. Hill*, 182 F.3d 1064 (9th Cir. 1999); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999); *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); *Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997).

■ We find this federal authority persuasive and therefore conclude that exhaustion of administrative remedies is not a jurisdictional prerequisite to the commencement of an action pursuant to § 1983. Rather, a prisoner's failure to exhaust administrative remedies is an affirmative defense which may be raised in a § 1983 action. To the extent that *Pratt v. Clarke*, 258 Neb. 402, 604 N.W.2d 822 (1999), held that exhaustion of administrative remedies is a jurisdictional component of a § 1983 action, it is overruled. Because we have now determined that exhaustion of administrative remedies is not a jurisdictional component of a § 1983 action, the Court of Appeals was also in error in concluding that the district court lacked subject matter jurisdiction over the § 1983 claims due to Cole's failure to exhaust administrative remedies.

## 2. FAILURE TO STATE CAUSE OF ACTION

The district court also sustained defendants' demurrer on the ground that Cole's petition failed to state a cause of action. Although Cole assigned this disposition as error, the Court of Appeals did not reach the issue because it upheld the sustaining of the demurrer based on lack of subject matter jurisdiction. Because we disagree with the Court of Appeals on this issue, we must examine whether the district court nevertheless properly sustained the demurrer. See *Folgers Architects v. Kerns*, 262 Neb. 530, 633 N.W.2d 114 (2001) (this court upon granting further review may consider assignments of error Court of Appeals did not reach).

■ A cause of action is judicial protection of one's recognized right or interest, when another, owing a corresponding duty not to invade or violate such right or interest, has caused a breach of that duty. *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990). As noted, we determined in *Millman* that the filing or presentment of a claim under the Political Subdivisions Tort Claims Act is not a substantive element of a plaintiff's recovery in a negligence action. Instead, plaintiff's noncompliance with the condition precedent is an affirmative defense that may be raised by the defendant. For the reasons stated in the previous discussion, the final disposition requirement of the State Tort Claims Act is similarly only a condition precedent to the filing of a suit and is not a substantive element of the plaintiff's tort claim. In addition, we agree with those federal courts that have concluded that exhaustion of administrative remedies is merely a condition precedent to the filing of a § 1983 claim and not an element of such claim. See, *Chelette v. Harris*, 229 F.3d 684 (8th Cir. 2000); *Underwood v. Wilson, supra.* Therefore, the demurrer was not properly sustained on the ground that the petition failed to state a cause of action, and the Court of Appeals erred in affirming the sustaining of the demurrer and dismissal of the case.

### 3. PERSONAL JURISDICTION

As an alternative justification for the dismissal of Cole's action, defendants argue that they were not properly served. The record does not disclose the manner in which service was obtained, and the issue was not specifically addressed by either the district court or the Court of Appeals. Accordingly, we do not address it.

### V. CONCLUSION

For the foregoing reasons, we conclude that the Court of Appeals erred in affirming the dismissal of this action. We reverse the decision and remand the cause to the Court of Appeals with directions to reverse the judgment of the district court and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.