DUKHAN IQRAA JIHAD MUMIN AND VICKI MARIE KITT,
APPELLANTS, V. T-NETIX TELEPHONE
COMPANY ET AL., APPELLEES.

690 N.W.2d 634

Filed December 14, 2004.   No. A-03-800.

Dukhan Iqraa Jihad Mumin, pro se.

Scott E. Daniel, of Brashear & Ginn, for appellee T-Netix Telephone Company.

Jon Bruning, Attorney General, and Linda L. Willard for appellees Nebraska Department of Correctional Services et al.

IRWIN, MOORE, and CASSEL, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Dukhan Iqraa Jihad Mumin and Vicky Marie Kitt (collectively Mumin) appeal from an order of the district court dismissing Mumin's civil rights action brought pursuant to 42 U.S.C. § 1983 (2000). Mumin brought the action challenging the legality of the Nebraska prison system's contract with T-Netix Telephone Company (T-Netix) for the Nebraska prison telephone system. The district court dismissed Mumin's petition after finding that Mumin had failed to exhaust all administrative remedies and that such failure was a jurisdictional defect. On appeal, Mumin points to the Nebraska Supreme Court's decision in *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002), to support his assertion that the alleged defect is not jurisdictional. Despite the Nebraska Supreme Court's holding, because we find that the U.S. Supreme Court has specifically held that the alleged defect is jurisdictional, see *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), we affirm the district court's judgment.

## II. BACKGROUND

On May 22, 2003, Mumin filed an amended petition. Mumin named as defendants various officials of the Nebraska prison system (the State defendants) and T-Netix. In the amended petition, Mumin alleged that the State defendants had contracted with T-Netix for the implementation of a prison "calling system" which facilitated, inter alia, "monitoring and recording" of inmates' telephone calls. Mumin alleged various infringements of his "rights" as a result of the T-Netix calling system, including the monitoring

and recording of telephone conversations involving discussions of medical and legal business, the improper disconnecting of telephone calls, and the denial of access to various telephone numbers. Mumin further alleged that the T-Netix calling system constituted illegal wiretapping because the State defendants were not law enforcement personnel. In addition, Mumin alleged a wide variety of violations of other statutory and constitutional rights.

Mumin alleged various statutory grounds for his lawsuit, including § 1983. Mumin also alleged that he had "exhausted [his] available administrative remedies pursuant to [42 U.S.C. §] 1997e [(2000)], by filing all steps of the grievance process with the Department of Corrections."

On July 7, 2003, the district court entered an order dismissing Mumin's amended petition. The court first found that the entirety of Mumin's amended petition was brought pursuant to § 1983. The court then found that to avoid dismissal of the suit, 42 U.S.C. § 1997e (2000) required the exhaustion of all administrative remedies. The court concluded that Mumin had failed to demonstrate that he had exhausted all administrative remedies. Accordingly, the court dismissed Mumin's amended petition. This appeal followed.

### III. ASSIGNMENT OF ERROR

Mumin's only assignment of error is that the district court erred in dismissing his lawsuit for failure to exhaust his administrative remedies.

### IV. ANALYSIS

#### 1. Issue Raised

The issue raised in this appeal is whether a litigant's failure to fully exhaust all administrative remedies is a jurisdictional defect in a § 1983 action. Although we note that Mumin initially based this action on a variety of state and federal statutory and constitutional provisions, the district court made a finding that the entire action was brought pursuant to § 1983. Mumin has not challenged that finding and, indeed, specifically alleges on appeal that he "filed the instant action against the Appellees pursuant to Title 42 U.S.C. § 1983." Brief for appellant at 4. As such, we limit the issue being presented specifically to whether, under § 1997e, the exhaustion of administrative remedies is a jurisdictional prerequisite to § 1983 actions.

The issue presented in this appeal requires us to examine and resolve an apparent conflict between holdings of the Nebraska Supreme Court and the U.S. Supreme Court on the issue. In *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002), the Nebraska Supreme Court answered the question by holding that the exhaustion of administrative remedies is not jurisdictional. However, approximately 10 months earlier, in *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the U.S. Supreme Court answered the question by holding that the exhaustion of administrative remedies is jurisdictional. As such, we feel it necessary to more fully examine the holdings of the Nebraska Supreme Court and the U.S. Supreme Court on this issue.

### 2. NEBRASKA SUPREME COURT

The relevant Nebraska Supreme Court decision on this issue is the court's decision in *Cole v. Isherwood, supra*. Mumin points to the decision in *Cole v. Isherwood* in support of his appeal and urges us, based on the Nebraska Supreme Court's holding therein, to reverse the district court's dismissal of his petition.

In *Cole v. Isherwood*, an inmate brought suit against various correctional services employees pursuant to § 1983. The inmate brought suit challenging the correctional services employees' assigning him a roommate who was a smoker and a violent offender. The defendants filed a demurrer. The district court sustained the demurrer and dismissed the inmate's petition, finding that the inmate had failed to allege the exhaustion of his administrative remedies. The inmate appealed the dismissal of his petition.

In *Cole v. Isherwood*, 11 Neb. App. 44, 642 N.W.2d 524 (2002), this court affirmed the district court's dismissal of the petition. In so holding, this court specifically relied on a past decision of the Nebraska Supreme Court, *Pratt v. Clarke*, 258 Neb. 402, 604 N.W.2d 822 (1999), in which the court held that the Prison Litigation Reform Act (§ 1997e) "requires" exhaustion of administrative remedies prior to bringing a § 1983 action. We interpreted the Supreme Court's holding to mean that the exhaustion of administrative remedies was jurisdictional.

The Nebraska Supreme Court, in *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002), reversed this court's holding. The Supreme Court noted that subsequent to the decision in *Pratt v. Clarke, supra*, various federal circuit courts of appeal, including

the Eighth Circuit, had held that the failure to exhaust administrative remedies did not deprive a court of jurisdiction. As such, the Supreme Court concluded that the failure to exhaust administrative remedies was more in the nature of an affirmative defense which could be raised by the defendant, but was not a jurisdictional defect.

### 3. U.S. SUPREME COURT

The relevant U.S. Supreme Court decision on the issue is *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). *Porter v. Nussle* was decided approximately 10 months prior to the Nebraska Supreme Court's decision in *Cole v. Isherwood, supra,* but was not referenced by the court in that decision. The appellees in the present case point to the decision in *Porter v. Nussle* in support of their position that the district court was correct to dismiss Mumin's petition.

In *Porter v. Nussle*, the federal trial court dismissed the plaintiff's § 1983 action wherein he alleged a violation of his constitutional rights stemming from an alleged beating at the hands of corrections officers. The plaintiff failed to exhaust the administrative remedies available when he failed to take advantage of the Connecticut Department of Correction grievance system. The federal trial court, based on § 1997e, dismissed the plaintiff's petition because he had failed to exhaust his administrative remedies.

The Second Circuit Court of Appeals reversed the federal trial court's decision. The appellate court held that the exhaustion of administrative remedies was not required prior to instituting a § 1983 claim based on single or momentary matters, such as specific allegations of abuse, and that such exhaustion was required only for inmate claims about general prison conditions.

The U.S. Supreme Court, however, reversed the decision of the appellate court and upheld the trial court's dismissal of the petition. The Court discussed the history of the federal statutory exhaustion of administrative remedies provision, noting that the provision was at one time largely discretionary depending on various state prison grievance systems but that the exhaustion provision currently in effect, as codified in § 1997e, is now mandatory. The Court specifically held that "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " *Porter v. Nussle,*

534 U.S. at 524. The Court further specifically held that this is true even when the prisoner seeks relief not available in grievance proceedings, such as monetary damages. Finally, and perhaps most importantly, the Court specifically held that such exhaustion of administrative remedies "is now required for all 'action[s] . . . brought with respect to prison conditions,' whether under § 1983 or 'any other Federal law.' " *Id.* As such, the Court reversed the appellate court's decision, which had reversed the trial court's finding that the exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit on a § 1983 claim. See, also, *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) (U.S. Supreme Court affirmed dismissal of § 1983 action, holding that Congress has clearly mandated exhaustion of administrative remedies prior to bringing suit).

## 4. RESOLUTION

In the present case, we are left to determine which of the above decisions, *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002), or *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), should govern our resolution of Mumin's appeal. Although we recognize that the Nebraska Supreme Court specifically held in *Cole v. Isherwood* that the exhaustion of administrative remedies is not a jurisdictional prerequisite to a § 1983 action, we conclude that we must defer to the U.S. Supreme Court's prior holding in *Porter v. Nussle*, because the issue presented is one of federal law.

The exhaustion of administrative remedies provision at issue is found at § 1997e, which states in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

As noted, the district court in this case made a specific finding that Mumin's claims were all brought pursuant to § 1983, and Mumin has not challenged that finding on appeal. As such, the issue presented is whether the federal exhaustion of administrative remedies provision quoted above is a jurisdictional prerequisite to bringing a § 1983 claim.

■ The Nebraska Supreme Court has previously noted that federal laws are subject to federal construction. *State v. Reed*, 266 Neb. 641, 668 N.W.2d 245 (2003). The court has further noted that U.S. Supreme Court interpretations of such federal laws are binding on state courts. See, *State v. Reed, supra* (construing federal interstate Agreement on Detainers); *In re Application of Lincoln Electric System*, 265 Neb. 70, 655 N.W.2d 363 (2003) (question of preemption of state law by federal Telecommunications Act); *In re Search Warrant for 3628 V St.*, 262 Neb. 77, 628 N.W.2d 272 (2001) (question of whether Eighth Circuit Court of Appeals' interpretation of First Amendment is binding on state courts).

■ Inasmuch as the question presented to us herein is a question of federal law, namely whether the federal exhaustion of administrative remedies provision in § 1997e is a jurisdictional prerequisite, we conclude that we are obligated to defer to the interpretation of the federal provision by the U.S. Supreme Court. In *Porter v. Nussle, supra*, the Court reversed the appellate court's decision and upheld the trial court's decision to dismiss the plaintiff's lawsuit for failure to satisfy the exhaustion provision. As such, we conclude that the U.S. Supreme Court has indicated that the provision is a jurisdictional prerequisite to bringing a § 1983 action. Therefore, we affirm the district court's dismissal of Mumin's petition in the present case, despite the Nebraska Supreme Court's contrary decision in *Cole v. Isherwood, supra*.

## V. CONCLUSION

We conclude that we are obligated to defer to the interpretation of the U.S. Supreme Court on the question of whether the exhaustion of administrative remedies provision of § 1997e is a jurisdictional prerequisite. We read the U.S. Supreme Court's decision in *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), to indicate that the provision is a jurisdictional prerequisite, and despite the Nebraska Supreme Court's contrary decision in *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002), we affirm the district court's dismissal of Mumin's petition in the present case.

AFFIRMED.