LUKE A. KELLOGG, APPELLANT, V. NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES ET AL., APPELLEES.

690 N.W.2d 574

Filed January 7, 2005. No. S-03-603.

Sue Ellen Wall, of Wall Law Office, for appellant.

Luke A. Kellogg, pro se.

Jon Bruning, Attorney General, and Linda L. Willard for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Appellant Luke A. Kellogg is currently committed to the Nebraska Department of Correctional Services (DCS) and, at all times relevant hereto, was incarcerated at the Tecumseh State Correctional Institution. On February 21, 2003, Kellogg filed a complaint in the district court for Johnson County against the DCS and the following DCS employees, individually and in their official capacities: Harold W. Clarke, Randy Kohl, Frank Hopkins, Mike Kenney, Dallen Johnsen, and Richard Elliott (collectively appellees). In his complaint, Kellogg alleged that

appellees had violated his constitutional and statutory rights and privileges under Neb. Rev. Stat. § 20-148 (Reissue 1997); title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12131 to 12165 (2000 & Supp. I 2001); and 42 U.S.C. § 1983 (2000). Appellees filed a motion to dismiss. Following a hearing, the district court sustained appellees' motion and dismissed Kellogg's complaint without leave to replead.

Kellogg appealed to the Nebraska Court of Appeals. Appellees filed a motion for summary affirmance under Neb. Ct. R. of Prac. 7B(2) (rev. 2001), in which they acknowledged having been served individually and officially. The Court of Appeals granted the motion and summarily affirmed without an opinion the district court's order of dismissal. Kellogg filed a petition for further review which this court granted.

For the reasons explained below, we determine that Kellogg has abandoned his purported claim under § 20-148 and that his ADA claim has been rendered moot. With regard to Kellogg's § 1983 claim, we conclude that Kellogg's complaint is sufficient to state a cognizable claim and in particular that, contrary to appellees' assertion on appeal, Kellogg has sufficiently alleged that he has exhausted his available administrative remedies. We therefore determine that the district court erred in dismissing Kellogg's complaint and that the Court of Appeals erred in affirming the order of the district court. Accordingly, we reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals with directions to reverse the judgment of the district court and remand the cause for further proceedings consistent with this opinion.

## STATEMENT OF FACTS

On February 21, 2003, Kellogg filed a complaint against appellees. As we read the complaint, Kellogg alleges that appellees violated his rights under § 20-148 (generally pertaining to deprivation of constitutional and statutory rights, privileges, or immunities); title II of the ADA (generally prohibiting discrimination in denial of benefits by public entity due to disability); and § 1983 (generally providing for civil action to enforce civil rights). In support of these three claims, Kellogg has made a variety of allegations, some of which we summarize. Kellogg claims

to suffer from multiple sclerosis, "chronic urinary retention," and "hypospadious [sic]." Kellogg alleges that appellees have subjected him to "bodily harm" due to their "arbitrariness," "negligence," and "deliberate indifference" concerning Kellogg's medical conditions. He further alleges that due to these conditions, he has been unable to provide a urine sample within the given time period required to comply with the DCS' drug testing program. Kellogg alleges that appellees have discriminated against him by failing to provide him with reasonable accommodations to meet his alleged disabilities. In this regard, Kellogg claims that he had requested and been denied accommodation in the form of a blood test as an alternative to providing a urine sample.

Kellogg further alleges that due to his inability to provide a urine sample to permit him to comply with the drug testing requirement, and, pursuant to Drug Offender Classification Policy Directive 00-013 (DOC rules), he has been classified as a drug offender and disciplined several times therefor. The "discipline" imposed includes suspension of visitation and telephone privileges. Kellogg also alleges he has lost "good time." Finally, Kellogg alleges that he "has exhausted available administrative remedies pursuant to Title 42 U.S.C.A. §§1997(e) [sic]." For relief, Kellogg seeks, inter alia, a temporary restraining order, injunctive and declaratory relief, restoration of good time, restoration of telephone and visitation privileges, and $1.5 million in compensatory damages.

Because this action was filed after January 1, 2003, it is governed by the new rules for notice pleading, which apply to all "civil actions filed on or after January 1, 2003." See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004). In response to Kellogg's complaint, appellees filed a motion to dismiss, claiming that the court lacked jurisdiction and that Kellogg's complaint failed to state a claim for relief. See Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(1) and (6) (rev. 2003). On April 16, 2003, a hearing was held in district court on appellees' motion to dismiss. In an order filed April 24, the district court determined, inter alia, that Kellogg had stated no claims for which he might be entitled to relief and dismissed Kellogg's action without leave to replead.

Kellogg appealed the district court's order to the Court of Appeals. On appeal, Kellogg claimed essentially that the district

court erred in dismissing his ADA and § 1983 claims. On October 24, 2003, appellees moved for summary affirmance of the district court's order. On April 15, 2004, without opinion, the Court of Appeals sustained the motion.

Kellogg filed a petition for further review, which this court granted. During oral argument before this court, the parties advised the court that during the pendency of appellate proceedings, Kellogg had been seen by a urologist and had been transferred from the Tecumseh State Correctional Institution to another DCS facility. The court was further advised that Kellogg's good time had been restored, his visitation privileges had been restored, and he had been "accommodated" with regard to his participation in the drug testing program.

## ASSIGNMENT OF ERROR

In his petition for further review, Kellogg assigns two errors that we restate as one. Kellogg claims the Court of Appeals erred in sustaining appellees' motion for summary affirmance of the district court's order dismissing his complaint.

## STANDARDS OF REVIEW

As discussed above, this action was filed on February 21, 2003, and thus, we apply the new rules for notice pleading. See rule 1. This court has not previously discussed the standard of review for a motion to dismiss filed under rule 12(b). Because the new rules are modeled after the Federal Rules of Civil Procedure, we look to the federal decisions for guidance. See, similarly, *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003). As do the federal appellate courts, we will and do hereby review a district court's grant of a motion to dismiss de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. See *Maki v. Allete, Inc.*, 383 F.3d 740 (8th Cir. 2004). See, also, *Pogge v. American Farm Mut. Ins. Co.*, 13 Neb. App. 63, 688 N.W.2d 634 (2004). We are, however, " 'free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.' " See *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868 (8th Cir. 2002)). Complaints should

be liberally construed in the plaintiff's favor and " 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## ANALYSIS

■ Kellogg's complaint was dismissed by the district court pursuant to rule 12(b)(1) and (6). As a preliminary matter, we note that a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. Neb. Ct. R. of Pldg. in Civ. Actions 10(c) (rev. 2003). Thus, although we are limited in our review to the allegations contained in the complaint and any reasonable inferences that may be drawn therefrom, *Maki v. Allete, Inc., supra*, attachments to the complaint become a part of the complaint, and the court may consider those documents in ruling on a motion to dismiss, *Witzke v. Femal*, 376 F.3d 744 (7th Cir. 2004).

Taking the complaint and its attachments together, we turn to an assessment of the substance of Kellogg's claims as alleged in his complaint and we analyze his arguments on appeal.

With regard to his purported claim under § 20-148, we note that in his appeal before the Court of Appeals, Kellogg did not assign as error the district court's dismissal of his purported claim under § 20-148. By not challenging the district court's ruling as it related to § 20-148, Kellogg has abandoned this claim on appeal and we need not address Kellogg's claim under § 20-148. See *Egan v. Stoler*, 265 Neb. 1, 653 N.W.2d 855 (2002).

With regard to Kellogg's claim under title II of the ADA, we note that during oral argument the parties advised the court that during the pendency of these proceedings, Kellogg has been "accommodated" regarding his purported disability, in that he has been seen by a urologist and that, notwithstanding the persistence of DOC rules, Kellogg's visitation privileges have been restored. We also understand Kellogg's good time has been restored. We determine that the claim under title II of the ADA had been rendered moot. See *Krajicek v. Gale*, 267 Neb. 623, 677 N.W.2d 488 (2004). As a result, we make no further comment on Kellogg's claim based upon title II of the ADA.

With regard to Kellogg's claim under § 1983, we note that in support of their successful motion for summary affirmance, appellees argue on appeal that Kellogg failed to state a claim and failed to exhaust his administrative remedies before bringing his § 1983 action and that therefore, his complaint was properly dismissed by the district court. On further review before this court, Kellogg argues that the Court of Appeals erred in affirming the district court's dismissal of his § 1983 claim. We determine that Kellogg has stated a cognizable claim under § 1983 and that, as discussed below in detail, his allegations of exhaustion meet the requirements of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (2000), and case law thereunder.

Although the states have concurrent jurisdiction to entertain § 1983 actions, as a result of the Supremacy Clause found in U.S. Const. art. VI, federal law is controlling, and state courts are required to follow federal precedent when hearing actions brought under § 1983. *Cole v. Loock*, 259 Neb. 292, 609 N.W.2d 354 (2000); *Shearer v. Leuenberger*, 256 Neb. 566, 591 N.W.2d 762 (1999), *disapproved on other grounds, Simon v. City of Omaha*, 267 Neb. 718, 677 N.W.2d 129 (2004). With regard to exhaustion, we note that "[o]rdinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court." See *Porter v. Nussle*, 534 U.S. 516, 523, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). However, as stated in *Porter v. Nussle* and previously recognized by this court in *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002), pursuant to the PLRA, § 1997e(a), prisoners are required to exhaust administrative remedies before bringing an action under § 1983. In *Pratt v. Clarke*, 258 Neb. 402, 406, 604 N.W.2d 822, 825 (1999), *overruled on other grounds, Cole v. Isherwood, supra*, we described this requirement and stated as follows:

On April 26, 1996, the [PLRA] was signed into law. Prior to the adoption of the PLRA, 42 U.S.C. § 1997e(a) (1994) granted district courts discretion to require a prisoner to exhaust administrative remedies, and a district court's dismissal for failure to exhaust was reviewed only for an abuse of discretion. See *Irwin v. Hawk*, 40 F.3d 347 (11th Cir. 1994). The PLRA now requires, inter alia, that prisoners

exhaust administrative remedies prior to filing actions under § 1983 or any federal law. Specifically, 42 U.S.C. § 1997e(a) (Supp. III 1997) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As stated in *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998), "Congress enacted this mandatory exhaustion requirement in section 1997e(a) as part of the PLRA's effort to curtail frivolous and abusive prisoner litigation."
See, also, *Porter v. Nussle*, 534 U.S. at 524 (stating "exhaustion in cases covered by § 1997e(a) is now mandatory").

 We have previously recognized in a prisoner case that exhaustion of administrative remedies is not a jurisdictional prerequisite to the commencement of an action pursuant to § 1983. See *Cole v. Isherwood, supra.* In this regard, we observe that numerous federal courts of appeals have examined the issue of whether the language of § 1997e(a) should be read as indicating a jurisdictional bar rather than as a mere codification of administrative exhaustion requirements. The vast majority of federal appellate courts, both before and after the filing of the U.S. Supreme Court opinion in *Porter v. Nussle*, have concluded that the exhaustion requirement of § 1997e(a) is not jurisdictional. See, e.g., *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003); *Richardson v. Goord*, 347 F.3d 431 (2d Cir. 2003); *Casanova v. Dubois*, 289 F.3d 142 (1st Cir. 2002); *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002); *Ali v. District of Columbia*, 278 F.3d 1 (D.C. Cir. 2002); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Chelette v. Harris*, 229 F.3d 684 (8th Cir. 2000), *cert. denied* 531 U.S. 1156, 121 S. Ct. 1106, 148 L. Ed. 2d 977 (2001); *Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999), *cert. denied* 532 U.S. 1065, 121 S. Ct. 2214, 150 L. Ed. 2d 208 (2001); *Rumbles v. Hill*, 182 F.3d 1064 (9th Cir. 1999), *cert. denied* 528 U.S. 1074, 120 S. Ct. 787, 145 L. Ed. 2d 664 (2000), *overruled on other grounds, Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). We do not read *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), as treating § 1997e(a) as

jurisdictional, and, therefore, we continue to adhere to our holding in *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002), that the exhaustion requirement of § 1997e(a) is not jurisdictional. To the extent that the recent case of *Mumin v. T-Netix Telephone Co.*, 13 Neb. App. 188, 690 N.W.2d 634 (2004), holds to the contrary, it is disapproved.

 In assessing the pleading consequences of the exhaustion requirement of § 1997e(a), the majority of federal appellate courts have recognized that the PLRA's exhaustion requirement is an affirmative defense. See *Casanova v. Dubois*, 304 F.3d 75, 77 n.3 (1st Cir. 2002) (cases collected). We have previously so held in *Cole v. Isherwood*. In *Ray v. Kertes, supra*, the Court of Appeals for the Third Circuit referred to *Porter v. Nussle*, noted that the exhaustion requirement was not jurisdictional, and explored the burdens of pleading and proof occasioned by treating the exhaustion provision as an affirmative defense.

The *Ray v. Kertes* court recognized that in enacting the exhaustion requirement found in § 1997e(a), Congress had two primary concerns. The first was a desire to lessen the judicial burden of entertaining frivolous prisoner claims. The second was to reinforce the power of prison administrators to control prison problems by minimizing the interference of courts in matters of prison administration. The *Ray v. Kertes* court observed that these policies are not inconsistent with construing the exhaustion requirement of § 1997e(a) as an affirmative defense, whereby the burden of pleading and proving failure to exhaust is placed on the defendants. Referring to the expertise and resources available to prison officials, the *Ray v. Kertes* court noted that prison officials are best situated to articulate and show that a prisoner has failed to exhaust his or her administrative remedies. Thus, the *Ray v. Kertes* court observed that categorizing the exhaustion requirement as an affirmative defense with its customary burdens of pleading and proof is consistent with policy and fairness.

We note that § 1997e(c) provides for dismissal of a prisoner action sua sponte if the court is satisfied that the action (1) is frivolous, (2) is malicious, (3) fails to state a claim upon which relief can be granted, or (4) seeks monetary relief from a defendant who is immune from such relief. However, sua sponte dismissal on the basis of failure to exhaust is not listed in the PLRA.

In the instant case, Kellogg's action was dismissed not sua sponte, but, rather, as a result of a motion to dismiss filed by appellees. Within the federal circuits which recognize exhaustion as an affirmative defense, it has been acknowledged that a motion to dismiss based on failure to exhaust is not absolutely precluded. E.g., *Ray v. Kertes*, 285 F.3d 287, 295 n.8 (3d Cir. 2002). However, a complaint alleging exhaustion is ordinarily not vulnerable to a motion to dismiss based on a failure to plead exhaustion. Exhaustion can be explored by other procedural devices. In this regard, it has been observed by a federal appellate court which recognizes exhaustion as an affirmative defense that "no provision of the PLRA requires pleading exhaustion with particularity." *Ray v. Kertes*, 285 F.3d at 297. Contra *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003) (stating in federal circuit which rejects exhaustion as affirmative defense that "Congress, not this court, has required a prisoner to plead specific exhaustion information"). We agree with the federal appellate courts which have both concluded that exhaustion is an affirmative defense and declined to impose a heightened pleading requirement on a prisoner.

Given our conclusions that exhaustion of available administrative remedies under § 1997e(a) is not jurisdictional and further that exhaustion is an affirmative defense, we turn to the instant complaint which appellees claim on appeal should stand dismissed for failure to exhaust. In reviewing Kellogg's allegations in his complaint, we note that he states generally that he "has exhausted available administrative remedies pursuant to Title 42 U.S.C.A. §§ 1997(e) [sic]." Attached to the complaint, and thus considered a part thereof, see rule 10(c), are numbered exhibits which indicate Kellogg's efforts to administratively resolve his claims.

Regarding prisoners' civil rights claims, we have observed that various procedures are available to prisoners. In *Cole v. Isherwood*, 264 Neb. 985, 993, 653 N.W.2d 821, 828 (2002), we referred to *Pratt v. Clarke*, 258 Neb. 402, 604 N.W.2d 822 (1999), which we overruled on other grounds, and observed that an inmate has "a number of administrative remedies available to him which [should be] exhausted prior to filing [a] § 1983 action [including] Neb. Rev. Stat. §§ 83-4,111 and 83-4,135 through 83-4,139 (Reissue 1999) and 68 Neb. Admin. Code, ch. 2 (1994)."

In *Pratt v. Clarke, supra,* we noted that other remedies are not precluded. "In particular, 68 Neb. Admin. Code, ch. 2, § 005.01 (1994), stated: 'Claims against the [DCS] involving miscellaneous or tort claims for money damages may be filed pursuant to the State Tort Claims Act.'" 258 Neb. at 407, 604 N.W.2d at 826. In *Cole v. Isherwood,* we approved the statement in *Pratt v. Clarke* to the effect that prisoners in Nebraska must adhere to and exhaust available procedures before bringing a § 1983 claim. Our review of the instant complaint indicates that Kellogg has alleged that he has pursued available administrative remedies and that his allegations are sufficient to withstand a motion to dismiss.

Given the nature of the allegations in Kellogg's § 1983 claim, the district court erred in dismissing his complaint and the Court of Appeals erred in affirming this ruling.

## CONCLUSION

The record demonstrates that Kellogg obtained service of process over appellees in both their official and individual capacities. The record further shows that Kellogg has abandoned his purported claim under § 20-148 and that Kellogg's ADA claim is moot. With regard to Kellogg's § 1983 claim, Kellogg has pleaded the exhaustion of his available administrative remedies under § 1997e(a) and a cognizable claim for relief, and we reject appellees' assertions to the contrary.

The district court erred when it dismissed Kellogg's complaint, and the Court of Appeals erred in affirming this order. Accordingly, we reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals with directions to reverse the judgment of the district court and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.