FRANKIE LEVI COLE, APPELLANT, V.
SCOTT ISHERWOOD ET AL., APPELLEES.
716 N.W.2d 36

Filed June 9, 2006.    No. S-04-1270.

Frankie Levi Cole, pro se.

Jon Bruning, Attorney General, Linda Willard, and Odies Williams, Senior Certified Law Student, for appellees.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Appellant, Frankie Levi Cole, sued the State of Nebraska and several employees at the Nebraska State Penitentiary (NSP) under 42 U.S.C. § 1983 (2000) and the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 1996). The allegations stem from conflicts Cole had with his cellmate and from claimed inadequacies in Cole's medical treatment. The court granted the defendants' motion for summary judgment, finding that (1) the State is immune from suit under § 1983; (2) qualified immunity protects the other defendants from liability under § 1983; (3) Cole violated the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (2000), by failing to exhaust his administrative remedies; (4) the defendants proved their affirmative defense to Cole's state tort claims because he filed them prematurely; and (5) no genuine issue of material fact exists on the merits.

Cole appeals the summary judgment and the district court's failure to order the State to pay for an outside medical examination and transportation to the examination. We affirm the summary judgment on Cole's state tort claims, Cole's § 1983 claims against the State, and the transportation order, but remand his other § 1983 claims with directions to dismiss them without prejudice.

## BACKGROUND

The facts in this case are fully set forth in the Nebraska Court of Appeals' opinion, *Cole v. Isherwood*, 11 Neb. App. 44, 642 N.W.2d 524 (2002), and summarized in this court's opinion on petition for further review, *Cole v. Isherwood*, 264 Neb. 985, 653 N.W.2d 821 (2002) (*Cole I*). Thus, we address only recent developments. Since we remanded the cause, Cole filed a fourth amended petition.

In October 2003, Cole asked the court to order the Nebraska Department of Correctional Services (DCS) to transport him at DCS' cost to an outside doctor for a medical examination. He sought to use this examination to refute testimony from the DCS doctor that treated him. The court sustained the transportation order so long as Cole could demonstrate that he could cover the

costs of secure transportation and the medical appointment. Cole was unable to comply with the court's order and received no medical examination.

In June 2004, the court considered the defendants' motion for summary judgment. Both parties introduced evidence, and the court sustained the defendants' motion finding (1) that the defendants proved their affirmative defense to Cole's state tort claims because he filed this suit before the State Claims Board denied his claim, (2) that the State is immune from suit under § 1983, (3) that Cole failed to exhaust his administrative remedies for various claims, (4) that qualified immunity protects the other defendants from liability under § 1983 for the remaining claims, and (5) that no genuine issue of material fact exists on the merits. Cole appeals both the summary judgment and the transportation orders.

## ASSIGNMENTS OF ERROR

Cole assigns that the district court erred by (1) granting summary judgment, (2) finding it lacked jurisdiction to hear his claims under the State Tort Claims Act, and (3) denying his request for a travel order for medical examination at state expense.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Andres v. McNeil Co.*, 270 Neb. 733, 707 N.W.2d 777 (2005).

■ A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *State ex rel. Jacob v. Bohn, ante* p. 424, 711 N.W.2d 884 (2006).

## ANALYSIS

Under the fourth amended petition, Cole sued both the State and several of its employees. He sued the employees in their

individual capacities seeking monetary damages and in their official capacities to the extent the court grants injunctive relief.

As best we can divine from the obfuscatory pleading, Cole alleges that the defendants: (1) violated the 8th and 14th Amendments and the State Tort Claims Act by failing to protect him from his violent, smoking cellmate; (2) violated the 14th Amendment by ignoring classification and cell-assignment policies, which resulted in property loss and personal injury; (3) violated the 14th Amendment and the State Tort Claims Act by assigning Cole to mop floors despite his recent hand surgery and punishing him for not completing the assignment; (4) violated "Due Process and/or Nebraska State law" by arbitrarily and capriciously ignoring the DCS classification manual; (5) violated the State Tort Claims Act by denying Cole medical treatment for exposure to secondhand cigarette smoke and the Equal Protection Clause because the Nebraska Clean Indoor Air Act protects Nebraska citizens from secondhand smoke; (6) were professionally negligent and violated the 8th Amendment when treating Cole's eye and hand and by refusing to grant Cole a bottom bunk pass; (7) violated his "Due Process and State law rights" by punishing Cole with disciplinary segregation after his cellmate attacked him; (8) violated the 8th Amendment by exposing him to secondhand cigarette smoke and denying him treatment for the exposure; (9) violated the 8th Amendment by requiring Cole to explain how his hand was injured before treating it; (10) violated "state law rights" to a reclassification hearing with 24-hour notice and written disposition for the February 22, 1999, job-change action; (11) conspired to injure Cole psychologically and physically by placing him in a cell with a violent inmate who smoked and covering up the fact that the cellmate destroyed Cole's property; and (12) violated state law by refusing to render a decision in Cole's appeal of the February 5, 1999, hearing process. Cole's claims arise under both the State Tort Claims Act and § 1983.

## STATE TORT CLAIMS

Cole argues that the trial court found it lacked jurisdiction to hear his claims under the State Tort Claims Act. This finding, he argues, runs afoul of this court's holding in *Cole I*. There, we held that failure to comply with § 81-8,213 may provide an

affirmative defense, but does not deprive a district court of general subject matter jurisdiction. Section 81-8,213 provides:

> No suit shall be permitted under the State Tort Claims Act unless the State Claims Board has made final disposition of the claim, except that if the board does not make final disposition of a claim within six months after the claim is made in writing to the board, the claimant may, by notice in writing, withdraw the claim from consideration of the board and begin suit under such act.

Cole filed this suit in the district court before the State Claims Board finally disposed of his claims. See *Cole I.*

Cole, however, misreads the district court's order; the district court clearly viewed Cole's failure to comply with § 81-8,213 as an affirmative defense. And nowhere in Cole's briefs does he dispute the court's finding that the defendants proved their affirmative defense or that he filed this suit before the State Claims Board disposed of his claims.

To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *White v. White, ante* p. 43, 709 N.W.2d 325 (2006). While we recognize that Cole represents himself, we also recognize that a "litigant proceeding on a pro se basis is obligated to follow the same appellate rules and procedures applicable to counsel." *Mix v. City of Lincoln*, 244 Neb. 561, 563, 508 N.W.2d 549, 551 (1993) (citing *GFH Financial Serv. Corp. v. Kirk*, 231 Neb. 557, 437 N.W.2d 453 (1989)). Thus, we affirm the district court's summary judgment for Cole's state tort claims.

## § 1983 CLAIMS

Similarly, Cole failed to address the court's entry of summary judgment for the State of Nebraska. As stated, to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *White v. White, supra.* Thus, we also affirm the court's entry of summary judgment on Cole's § 1983 claims against the State.

Regarding the other defendants, the court found that Cole's claims lacked merit, and the evidence supported the defendants'

affirmative defenses: (1) that Cole failed to exhaust his administrative remedies, violating the PLRA, and (2) that the defendants were entitled to qualified immunity. Because we agree that Cole failed to exhaust his administrative remedies, we need not address the other grounds.

The PLRA requires prisoners to exhaust administrative remedies before filing § 1983 actions. It states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies before filing a claim constitutes an affirmative defense. See *Cole I*. See, also, *Foulk v. Charrier*, 262 F.3d 687 (8th Cir. 2001); *Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999).

Here, the district court determined that Cole had failed to exhaust his administrative remedies for claims 2, 3, 4, 7, and 9. We, however, note a more fundamental flaw. See *Pratt v. Clarke*, 258 Neb. 402, 604 N.W.2d 822 (1999) (overruled by *Cole I* because failure to exhaust remedies is affirmative defense, not jurisdictional prerequisite). As we stated in *Pratt* and reaffirmed in *Cole I*, when a prisoner requests both monetary damages and injunctive relief, the "prisoner [must] exhaust his or her administrative remedies under the State Tort Claims Act prior to bringing a § 1983 action." *Cole I*, 264 Neb. at 992, 653 N.W.2d at 828. See, also, *Pratt v. Clarke, supra*. Moreover, even if Cole properly pursued his grievances, he brought his state tort claims in the same action as his § 1983 claims. Thus, under *Pratt* and *Cole I*, he failed to exhaust his administrative remedies before bringing suit under § 1983.

Many circuit courts have held that a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed, even if the prisoner exhausts intraprison remedies before judgment. See, *Jackson v. District of Columbia*, 254 F.3d 262 (D.C. Cir. 2001); *Neal v. Goord*, 267 F.3d 116 (2d Cir. 2001), *overruled on other grounds, Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999). See, generally, *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000); *Alexander v.*

*Hawk*, 159 F.3d 1321 (11th Cir. 1998); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998); *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir. 1997), *abrogated on other grounds, Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001).

We conclude that Cole filed his § 1983 claims prematurely because he did not exhaust his state tort claims before *filing* his § 1983 action. Although we agree with the district court that Cole failed to exhaust his administrative remedies before filing his § 1983 suit, we do not agree that summary judgment was proper. In the federal system, failure to exhaust administrative remedies is usually a curable, procedural flaw that can be fixed by exhausting those remedies and then reinstating the suit. See *Neal v. Goord, supra.* See, generally, *Walker v. Maschner*, 270 F.3d 573 (8th Cir. 2001). Because state courts are required to follow federal precedent when hearing actions brought under § 1983, we remand to the district court with directions to dismiss his § 1983 claims without prejudice. See *Cole v. Loock*, 259 Neb. 292, 609 N.W.2d 354 (2000). See, also, *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005).

TRANSPORTATION AND MEDICAL EXAMINATION ORDER

[12] Finally, Cole argues that his in forma pauperis status entitles him to a travel order and medical examination at State expense to secure expert testimony or evidence substantiating his claims for relief. As support, he cites Neb. Ct. R. of Discovery 35 (rev. 2001), Fed. R. Civ. P. 35, and cases interpreting those provisions. Nebraska's discovery rule 35 provides in part:

> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by one or more physicians, or other persons licensed or certified under the laws to engage in a health profession, or to produce for examination the person in his or her custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Although this rule allows the court to order a reluctant party, or someone within the party's control, to submit to a physical or mental examination, nothing in this rule mandates that the State pay for the examination or transportation to that examination.

Here, the district court ordered DCS to arrange for Cole's medical examination and transportation once Cole advanced the cost of the examination, transportation, and security. Cole failed to advance those costs, thus no examination or transportation occurred. Although Cole argues that the trial court abused its discretion by withholding the "available State resources necessary to resist" the defendants' medical testimony, he cites no statutory authority mandating the State pay for the specific services he requests. See brief for appellant at 26. Because we conclude that the district court did not abuse its discretion by requiring Cole to pay for his independent medical examination and transportation, we affirm the district court's order of summary judgment.

## CONCLUSION

Because Cole failed to properly raise the issues on appeal, we affirm the district court's order of summary judgment on Cole's state tort claims and his § 1983 claims against the State. We also find that the court did not abuse its discretion by requiring Cole to pay the costs of the medical examination and transportation, and thus, we affirm that decision. But we remand the cause to the district court with directions to dismiss Cole's remaining § 1983 claims without prejudice.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

WRIGHT, J., not participating.